LAW OFFICES
# PETER W. TILL
105 MORRIS AVENUE, SUITE 201
SPRINGFIELD, NEW JERSEY 07081
(973) 258-0064

PETER W. TILL
Admitted to NJ & DC Bar

YALE HAN
Admitted to NJ & NY Bar

FACSIMILE (973) 258-0478
EMAIL: TILLLAW@AOL.COM

June 8, 2011

Honorable Cathy Seibel, U.S.D.J.
United States District Court
Southern District of New York
United States Courthouse, Room 275
300 Quarropas Street
White Plains, New York 10601

   Re: **United States of America v. Bartok**
      **Indictment No.: S1-10-CR-510 (CS)**

Dear Judge Seibel,

  As counsel for the Defendant, Andrew Bartok ("Defendant" or "Bartok"), in connection with the above-referenced matter. Kindly accept this correspondence in lieu of a more formal brief in support of the Plaintiff's pre-trial motion to dismiss Counts One and Three of the Superseding Indictment and for severance of the co-Defendants for purposes of trial, pursuant to Fed. R. Crim. P. 14.

## FACTUAL BACKGROUND

  On January 31, 2011, the United States of America filed a Second Superseding Indictment in the above-captioned matter [Docket Entry No.: 40]. ("Superseding Indictment").

  The Superseding Indictment charges Bartok, the principal of Revelations Consulting, LLC, with a complex conspiracy, a violation of Title 18, United States Code, Sections 152(3), 152(5), 152(9), 157, 1505 and 1519 ("Count One"), providing false statements to the United States Bankruptcy Judge, providing false statements to the United States Bankruptcy Court, in violation of Title 18, United States Code, Section 1341 ("Count Two"), a conspiracy to commit obstruction of justice, in violation of Title 18, United States Code, Section 1512 ("Count Three"), and obstruction of justice concerning the examination and production of documents ("Count Four"), based on events that took place over a significant period of time involving several different parties in a variety of transactions.

In particular, the Government has alleged that Bartok "did knowingly and fraudulently receive[d] a material amount of property from a debtor. . . having devised and intending to devise a scheme to defraud and for the purpose of executing and concealing such scheme and artifice and attempting to do so, would and did file a petition under title 11, file a document in a proceeding under title 11, and make a false and fraudulent representation, claim, and promise concerning and in relation to a proceeding and in relation to a proceeding falsely asserted to be pending under such title". . . "with [the] intent to defeat the provisions of title 11."

Bartok was the Owner and General Manager of Revelations Consulting, LLC, ("Revelations") between 2000 and 2011. Revelations was a company which provided assistance to individuals facing foreclosure on their homes. According to the government, Revelations used various methods to ensure that individuals would stay in their homes as long as possible, in exchange for monthly fees. In particular, Revelations would purportedly prepare Chapter 13 restructuring petitions for the debtors and subsequently use and prolong said proceedings to say any foreclosure action.

The Government alleges a conspiracy between Andrew Bartok, Kathleen Addario ("Addario"), and Veronica Tobin ("Tobin")(collectively "Defendants"), wherein the Defendants defrauded individuals facing foreclosure by falsely informing them that they did not have to make their mortgage payments and then filing Chapter 13 bankruptcy petitions on their behalf." (Superseding Indictment, ¶10). The Government alleges that all three defendants sought to prolong an individual's bankruptcy case as long as possible through a variety of methods. Within the purview of Count One of the Superseding Indictment, the Government alleges that the Debtors identified therein and "every client [of Revelations] is likely a victim." Ltr. Of June 7, 2011.

Thus, the essence of the Government's conspiracy is that the "[t]he Chapter 13 petitions were not filed for the purpose of having the clients engage in Chapter 13 reorganization of their debts, but for the improper purpose of using the United States Bankruptcy Laws to forestall the foreclosure of the clients' home as long as possible while Revelations continued to collect its monthly fees." Simply put, the clients of Revelations, the purported "victims," received the services they had sought and for the negotiated bargain which the clients entered into.

On March 16, 2010, the Government effectuated an arrest on Andrew Bartok at his residence at 72 Merrill Road, Clifton, New Jersey. United States Postal Inspector John M. Marsh effectuated said arrest warrant on Bartok. After Bartok was placed under arrest by Postal Inspector Marsh and taken to the United States District Court in White Plains, New York. At that time, the Government sought to simultaneously serve Bartok with a grand jury subpoena. See Till Certification, Ex. B.

The Grand Jury subpoena provided that Bartok may produce "documents to Postal Inspector [] John Marsh" for transmission to the grand jury in lieu of personal

appearance. In response, Bartok: (1) refused to provide any documents from his residence, pursuant to the subpoena; (2) refused to provide consent to the seizure of documents and things from his home residence; (3) submitted that he did not possess the keys or alarm code to the Revelations office at 791 Passaic Avenue, Clifton, NJ. After refusing the search, Postal Inspector Marsh separately approached Bartok's wife, Ruth Bartok, and informed her that he possessed a search warrant for the residence. Based upon the explicitly false representation of a search warrant and under compulsion of Postal Inspector Marsh, Ruth Bartok provided business records from the residence to Postal Inspector Marsh.

For the reasons recited herein, Bartok respectfully submits that this Court ought properly grant his pre-trial motion to dismiss the indictment; suppress the business record documents obtained through an illegal search of the residence; and severance from his co-Defendants.

## **LEGAL ARGUMENT**

### POINT I

#### THIS COURT OUGHT PROPERLY GRANT THE DEFENDANT'S MOTION TO DISMISS AS THE ALLEGATIONS IN THE SUPERSEDING INDICTMENT FAIL TO ALLEGE ALL THE ESSENTIAL ELEMENTS OF THE BANKRUPTCY FRAUD.

The Defendant respectfully submits that this Court ought properly grant his motion to dismiss Counts One and Three of the Superseding Indictment, as they fail to allege all the essential elements of Bankruptcy Fraud, in violation of 18 U.S.C. § 157. In particular, the Defendant respectfully submits that the Superseding Indictment fails to identify the victim or victims who the Defendant is alleged to have *specifically intended* to defraud[1].

---

[1] The Defendant further alleges that the Superseding Indictment as currently constituted can easily be read and determined that the Defendant did not defraud the purported victims. The Defendant cannot be held liable for criminal bankruptcy fraud under 18 U.S.C. § 157 for merely filing a voluntary petition under Chapter 13, which seeks to restructure and reorganize, rather than discharge debt, when the debtors/purported victims do not have sufficient means to repay the debt. The Debtors identified in the Superseding Indictment received the exact services that they had entered into and negotiated to receive from the Defendant Bartok. As such, there is a substantial factual and legal question as to whether Bartok and Revelations 'defrauded' the Debtors, the latter of which received valuable and significant services.

"An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974). The Second Circuit has held that "an indictment 'must charge a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events.'" United States v. Alonso, 143 F.3d 772, 776 (2d Cir. 1998)(quoting United States v. Stavroulakis, 952 F.2d 686, 693 (2d Cir. 1992)). A motion to dismiss an indictment does not ordinarily test the sufficiency of the government's evidence, "unless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial." Alfonso, 143 F.3d at 776-77; see also United States v. Mennuti, 639 F.2d 107 (2d Cir. 1981).

Count One of the Superseding Indictment the Defendant engaged in a complex conspiracy, a violation of Title 18, United States Code, Sections 152(3), 152(5), 152(9), 157, 1505 and 1519. Specifically, 18 U.S.C. §157, the bankruptcy fraud statue that Bartok purportedly violated, provides that:

> A person who, having devised or intending to devise a scheme or artifice to defraud and for the purpose of executing or concealing such a scheme or artifice or attempting to do so:
>
> 1. Files a petition under title 11, including a fraudulent involuntary bankruptcy petition under section 303 of such title;
> 2. Files a document in a proceeding under title 11; or
> 3. Makes a false or fraudulent representation, claim, or promise concerning or in relation to a proceeding under title 11, at any time before or after the filing of the petition, or in relation to a proceeding falsely asserted to be pending under such title.

18 U.S.C. §157.

In enacting §157, Congress clearly stated that the new crime was a specific intent crime. Representative Brooks, the Chair of the House Judiciary Committee and a sponsor of the legislation, stated in his official floor statement:

> An essential element of the new fraud action, as with other fraud actions, **is requirement of proof beyond a reasonable doubt of a specific intent to defraud.** Under no circumstance is this section to be operative if the

>defendant is adjudicated as having committed the act alleged to constitute fraud for a lawful purpose.

Cong. Rec. H10752 (daily ed., Oct. 4, 1994)(statement of Rep. Brooks).

The essential elements of the mail and wire fraud statutes (18 U.S.C. §1341 and 18 U.S.C. § 1343), which the Government has charged the Defendants in Count Three, and upon which § 157 was modeled, are: (1) a scheme to defraud; (2) a use of the mails or wire in furtherance of the scheme; and (3) to deprive another of money or property. United States v. Zagari, 111 F.3d 307, 327 (2d Cir. 1997). The first element requires: (1) the existence a scheme to defraud; (2) **specific intent to defraud on the part of the defendant**; and (3) material misrepresentations. United States v. Autuori, 212 F.3d 105, 115 (2d Cir. 2000)(citing United States v. D'Amato, 39 F.3d 1249, 1256-57 (2d Cir. 1994); Neder v. United States, 527 U.S. 1, 25, 144 L. Ed. 2d 35, 119 S. Ct. 1827 (1999)).

The specific intent to deceive or defraud requirement of the mail and wire fraud crimes requires the Government to prove that the defendant intended to defraud an identifiable individual or class of identifiable victims of a fraudulent scheme. United States v. Milwitt, 475 F.3d 1150, 1156 (9th Cir. 2007). The Defendant Bartok respectfully submits that the Superseding Indictment fails to allege a specific intent to deceive or defraud an identifiable individual.

Count One of the Superseding Indictment the Defendant engaged in a complex conspiracy, a violation of Title 18, United States Code, Sections 152(3), 152(5), 152(9), 157, 1505 and 1519. Count Three alleges that the Defendants engaged in a conspiracy to commit obstruction of justice, in violation of Title 18, United States Code, Section 1512 In particular, the Government has alleged that Bartok "did knowingly and fraudulently receive[d] a material amount of property from a debtor. . . having devised and intending to devise a scheme to defraud and for the purpose of executing and concealing such scheme and artifice and attempting to do so, would and did file a petition under title 11, file a document in a proceeding under title 11, and make a false and fraudulent representation, claim, and promise concerning and in relation to a proceeding and in relation to a proceeding falsely asserted to be pending under such title". . . "with [the] intent to defeat the provisions of title 11."

Based on the Superseding Indictment, it appears, although it is not entirely clear, that the purported victims of the Defendant Bartok's purported scheme are the Debtors, who are only identified as Debtor 1 to Debtor 7. In a further effort to adequate prepare for trial and to avoid a future prosecution based upon the same facts, the Defendant Bartok made a formal demand for the identification of the purported victims of Bartok's purported criminal conduct. By correspondence dated May 23, 2011, Bartok demanded that the Government identify the purported victims of Bartok's conduct.

On May 19, 2011, the Court issued its opinion denying the Defendant's motion for injunctive relief. Within said opinion, Judge Cathy Seibel, U.S.D.J. makes it clear that the Government's ability to contact victims is limited to those "who have been identified as victims" only.

> For the reasons stated above, the motion for an injunction is denied. **The Government shall, however, send future notifications only to those who have been identified as victims** in accordance with the discussion above.

Op. at 3 (emphasis added).

The Court further clarifies and states that the United States Postal Inspection Service ("USPIS") and United States Attorney's Office ("USAO") can only send victim notification correspondences to recipients who fit the definition of "victim," pursuant to 18 U.S.C. § 3771(e).

. . .

As such, the **Defendant now makes a formal demand that the Government identify the individuals it contends are "victims" and the basis for its decision.**

Till Certification, Ex. D.

In response, by correspondence dated June 7, 2011, the Government responded that "Revelations 'was so thoroughly saturated with fraud that every client **is likely a victim.'"** Till Certification, Ex. E. As such, rather than identifying the victims of the Defendant's purported criminal conduct, the Government is broadly and indiscriminately alleging that any and all clients of Revelations is a victim, without any true or accurate basis for its allegation.

However, the essence of the Government's conspiracy is that the Defendants, including Bartok, filed Chapter 13 petitions, which "were not filed for the purpose of having the clients engage in Chapter 13 reorganization of their debts, but for the improper purpose of using the United States Bankruptcy Laws to forestall the foreclosure of the clients' home as long as possible while Revelations continued to collect its monthly fees." Thus, the act of forestalling foreclosure proceedings against the Debtor's home would not necessarily cause the Debtors to become victims, but more likely, would

Case 7:10-cr-00510-CS   Document 66-2   Filed 06/08/11   Page 7 of 10
Hon. Cathy Seibel, U.S.D.J.
United States of America v. Bartok
Indictment No.: S1-10-CR-510 (CS)
Page 7 of 10

indicate that the Creditors who held the power to foreclose on the Debtor's homes would be the victims of Bartok's purportedly criminal conduct[2].

Otherwise, the Government could allege that the victim of the Defendant Bartok's purportedly criminal conduct was the United States Bankruptcy Court. However, the Government has failed to allege or otherwise identify any money or property that the Defendant Bartok specifically sought to obtain through his purported conspiracy to commit bankruptcy, wire or mail fraud.

As such, based upon the Government's broad and general allegations, it could theoretically argue that the victims of the Defendants' purported fraudulent scheme were the Debtors/Clients who came to Revelations, the Creditors or even the Bankruptcy Court. If the Government alleges that the victims were either of latter two, the Government could argue that the Debtors are unindicted co-conspirators.

The Government has charged Bartok with Bankruptcy Fraud, Mail Fraud and Wire Fraud, each of which are specific intent crimes. Accordingly, at a minimum, Bartok is entitled to know who or what entity the Government is alleging Bartok "specifically intended" to defraud. The indictment, as currently constituted, does not allow Bartok "to plead an acquittal or conviction," or more importantly, "bar future prosecutions for the same offense." United States v. Alonso, supra, 143 F.3d at 776. As such, the Defendant Bartok respectfully submits that Counts One and Three of the Indictment ought properly be dismissed.

POINT II

THIS COURT OUGHT PROPERLY GRANT THE DEFENDANT'S MOTION TO DISMISS COUNT ONE OF THE SUPERSEDING INDICTMENT AS DUPLICITOUS.

The Defendant Bartok hereby joins in the Defendant Kathleen Addario's Motion to Dismiss Count One of the Superseding Indictment as duplicitous[3], because it alleges multiple separate conspiracies. Count One of the indictment combines separate alleged conspiracies into a single count. "An indictment is impermissibly duplicitous where: (1)

---

[2] Although this assertion itself is in doubt. The Petitions filed were done pursuant to Chapter 13, which does not contemplate the outright discharge of debts after liquidation of nonexempt assets, but instead involves adjustment of debts of an individual with regular income through a court-approved plan of payment. Therefore, the actual bankruptcy proceedings did not seek to discharge the debt owed to the mortgage holders/creditors.

[3] Defendant Kathleen Addario's Memorandum of Law in Support of Her Motion to Dismiss, Legal Point II.

it combines two or more distinct crimes into one count in contravention of Fed. R. Crim. P. 8(a)'s requirement that there be 'a separate count for each offense,' and (2) the defendant is prejudiced hereby." United States v. Sturdivant, 244 F.3d 71, 75 (2d Cir. 2001). To avoid duplicity, an indictment may not charge multiple conspiracies in a single count. United States v. Murray, 618 F.2d 892, 896-97 (2d Cir. 1980).

Count One of the Superseding Indictment the Defendant engaged in a complex conspiracy, a violation of Title 18, United States Code, Sections 152(3), 152(5), 152(9), 157, 1505 and 1519. Count Three alleges that the Defendants engaged in a conspiracy to commit obstruction of justice, in violation of Title 18, United States Code, Section 1512 In particular, the Government has alleged that Bartok "did knowingly and fraudulently receive[d] a material amount of property from a debtor. . . having devised and intending to devise a scheme to defraud and for the purpose of executing and concealing such scheme and artifice and attempting to do so, would and did file a petition under title 11, file a document in a proceeding under title 11, and make a false and fraudulent representation, claim, and promise concerning and in relation to a proceeding and in relation to a proceeding falsely asserted to be pending under such title". . . "with [the] intent to defeat the provisions of title 11."

For the reasons further recited in the Defendant Addario's Motion to Dismiss, the Defendant Bartok respectfully submits that Counts One and Three of the Indictment ought properly be dismissed as improperly duplicative.

### POINT III

### THIS COURT OUGHT PROPERLY GRANT THE DEFENDANT'S MOTION TO SEVER FROM CO-DEFENDANTS' TRIALS.

The Defendant Bartok respectfully submits that this Court ought properly grant his motion for severance from the co-Defendants' trial, as requiring Bartok to be tried alongside co-Defendant Addario and/or Tobin would cause undue prejudice.

Rule 14 of the Federal Rules of Criminal Procedure "authorize a severance where it appears that a defendant might be prejudiced by a joint trial." Bruton v. United States, 391 U.S. 123, 132, (1968). "The rules are designed to promote economy and efficiency and to avoid a multiplicity of trials, where these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." Id., (citing Daley v. United States, 231 F.2d 123, 125 (1956)). "An important element of a fair trial is that a jury considers only relevant and competent evidence bearing on the issue of guilt of innocence." Id. (citing Blumenthal v. United States, 332 U.S. 539, 559-560 (1947)).

In particular, Bartok submits that there are several Debtors who spoke directly with the co-Defendant Addario or co-Defendant Tobin and had absolutely no contact or discussions with Bartok.

Initially, with respect to Debtor 3, there are absolutely no allegations which directly involve Bartok. As recited in further detail below, all of the allegations contained within the Superseding Indictment which relate to Debtor 3 concern either Addario or an unidentified employee for Revelations. Additionally, there is no allegation that Debtor 3 received a one-page flier from Revelations' Office. In particular, the Superseding Indictment alleges that at or around April 2009, Addario met with Debtor 3, an individual residing in White Plains, New York, and subsequently met with Addario at the Revelations' Office in New Jersey. The Government further alleges that Addario instructed Debtor 3 not to attend any court proceedings concerning the bankruptcy petition.

Similarly, with respect to Debtor 7, there are absolutely no allegations which directly involve Bartok. As recited in further detail below, all of the allegations contained within the Superseding Indictment which relate to Debtor 7 concern Tobin or an unidentified employee for Revelations. There is no allegation that Debtor 7 received a one-page flier from Revelations' Office. The Superseding Indictment subsequently alleges that at or around December 2008, Tobin met with Debtor 7, an individual residing in East Orange, New Jersey, at the Revelations' Office in New Jersey.

It alleged that on March 9, 2009, an unidentified employee of Revelations signed Exhibit D to Debtor 7's bankruptcy petition, under penalty of perjury, using an incorrect version of Debtor 7's name, which was later filed with the United States Bankruptcy Court. It is further alleged that an unidentified employee of Revelations filled out a bankruptcy petition in the name of Debtor 7, which was later filed in the United States Bankruptcy Court for the District of New Jersey. The Superseding Indictment further alleges that another Bankruptcy Petition was filed on behalf of Debtor 7 by an unidentified employee of Revelations on September 21, 2009.

The Superseding Indictment also alleges that Tobin instructed Debtor 7 not to attend any court proceedings concerning the bankruptcy petition. It alleged that on September 21, 2009, Tobin called Cricket Debt Counseling and while pretending to be Debtor 7's wife in order to obtain a credit counseling certification on behalf of Debtor 7.

Then, on or about November 2009, an unidentified employee of Revelations purportedly wrote a letter, in the name of Debtor 7, claiming that Debtor 7 would be unable to attend a November 3, 2009, meeting in connection with the bankruptcy petition filed in Debtor 7's name.

None of these allegations related to either Debtor 3 or Debtor 7 involve or concern any direct actions or conduct by the Defendant Bartok. Clearly there is going to

evidence and statements which are admissible against the co-Defendants Addario and Tobin with respect and relation to Debtor 3 and Debtor 7, but which are not admissible against the Defendant Bartok. As such, evidence concerning these two Debtors which the Government will inevitably seek to introduce may be prejudicial and irrelevant to Bartok and may prevent the jury from making a reliable judgment about his guilt or innocence. "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent a jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). Accordingly, the Defendant respectfully submits that this Court ought properly grant his motion for a severance.

## CONCLUSION

The Defendant respectfully submits that for the reasons recited herein, this Court ought properly grant Bartok's motion to dismiss Counts One and Three of the Superseding Indictment and to sever the co-Defendants, pursuant to Fed. R. Crim. P. 14.

Respectfully Submitted,
**LAW OFFICES OF PETER W. TILL**

By: _/s/ Peter W. Till_
Peter W. Till
105 Morris Avenue, Suite 201
Springfield, New Jersey 07081
*Attorneys for Defendant Andrew Bartok,*

Cc: John P. Collins, A.U.S.A. (via ECF)