UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                   :
UNITED STATES OF AMERICA           :
                                   :
             -v.-                  :
                                   :    S4 10 Cr. 510 (CS)
ANDREW BARTOK,                     :
      a/k/a "Drew Bartok,"         :
                                   :
                  Defendant.       :
                                   :
- - - - - - - - - - - - - - - - - -x


### GOVERNMENT'S REQUESTS TO CHARGE


                         PREET BHARARA
                         United States Attorney for the
                         Southern District of New York
                         Attorney for the United States
                             of America




JEFFREY ALBERTS
JOHN P. COLLINS, JR.
Assistant United States Attorneys
      -Of Counsel-

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                   :
UNITED STATES OF AMERICA           :
                                   :
           -v.-                    :
                                   :    S4 10 Cr. 510 (CS)
ANDREW BARTOK,                     :
     a/k/a "Drew Bartok,"          :
                                   :
                Defendant.         :
                                   :
- - - - - - - - - - - - - - - - - -x
```

### GOVERNMENT'S REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the jury.

**TABLE OF CONTENTS**

REQUEST NO.                                                        PAGE

1.   General Requests.. . . . . . . . . . . . . . . . . . . . 1

2.   The Indictment.. . . . . . . . . . . . . . . . . . . . . 2

3.   Multiple Counts. . . . . . . . . . . . . . . . . . . . . 4

4.   Counts One, Three and Five: Conspiracy General
     Instructions.. . . . . . . . . . . . . . . . . . . . . . 5

5.   Counts One, Three and Five: Conspiracy Elements of
     Conspiracy.. . . . . . . . . . . . . . . . . . . . . . . 7

6.   Counts One, Three and Five : Conspiracy
     First Element -- Existence of the Conspiracy.. . . . . . 8

7.   Counts One, Three and Five: Conspiracy
     Second Element -- Membership in the Conspiracy.. . . . . 12

8.   Count Three: Conspiracy Overt Act. . . . . . . . . . . . 17

9.   Counts One, Three and Five: Conspiracy
     Time of Conspiracy.. . . . . . . . . . . . . . . . . . . 20

10.  Counts One, Three and Five: Conspiracy Liability for Acts
     and Declarations of Co-conspirators. . . . . . . . . . . 21

11.  Counts One, Three and Five: Conspiracy Conscious
     Avoidance [If Applicable]. . . . . . . . . . . . . . . . 22

12.  Count One: Conspiracy to Commit Mail and Wire Fraud
     Objects of the Offense.. . . . . . . . . . . . . . . . . 26

13.  Count One: Conspiracy to Commit Mail and Wire Fraud
     Elements of the Offense - Mail Fraud.. . . . . . . . . . 27

14.  Count One: Conspiracy to Commit Mail and Wire Fraud
     Elements of the Offense - Mail Fraud First Element --
     Existence of Scheme or Artifice. . . . . . . . . . . . . 30

15.  Count One: Conspiracy to Commit Mail and Wire Fraud
     Elements of the Offense - Mail Fraud Second Element --
     Participation in Scheme with Intent to Defraud.. . . . . 35

16.  Count One: Conspiracy to Commit Mail and Wire Fraud

i

Elements of the Offense - Mail Fraud Third Element –
Use of the Mails.. . . . . . . . . . . . . . . . . .  40

17.  Count One: Conspiracy to Commit  Mail and Wire Fraud
Elements of the Offense - Wire Fraud.. . . . . . . . .  42

18.  Count One: Conspiracy to Commit Mail and Wire Fraud
Elements of the Offense - Wire Fraud – Use of Interstate
Wires. . . . . . . . . . . . . . . . . . . . . . . .  45

19.  Count Two: Mail Fraud Substantive Offense. . . . . . .  48

20.  Count Three: Conspiracy to Commit Bankruptcy Fraud
and Obstruction of Justice Objects of the Offense .. . .  50

21.  Count Three: Conspiracy to Commit Bankruptcy Fraud and
Obstruction of Justice Elements of the Offense - First
Object – False Declaration in a Bankruptcy Proceeding. .  52

22.  Count Three: Conspiracy to Commit Bankruptcy Fraud and
Obstruction of Justice Elements of the Offense - False
Declaration in a Bankruptcy Proceeding – First Element -
Title 11 Proceeding. . . . . . . . . . . . . . . . . .  54

23.  Count Three: Conspiracy to Commit Bankruptcy Fraud and
Obstruction of Justice Elements of the Offense - False
Declaration in a Bankruptcy Proceeding – Second Element -
False Declaration        . . . . . . . . . . . . . . .  55

24.  Count Three: Conspiracy to Commit Bankruptcy Fraud and
Obstruction of Justice Elements of the Offense - False
Declaration in a Bankruptcy Proceeding – Third Element -
Materiality              . . . . . . . . . . . . . . .  56

25.  Count Three: Conspiracy to Commit Bankruptcy Fraud
and Obstruction of Justice Elements of the Offense - False
Declaration in a Bankruptcy Proceeding – Fourth Element -
Statement Was False      . . . . . . . . . . . . . . .  57

26.  Count Three: Conspiracy to Commit Bankruptcy Fraud and
Obstruction of Justice Elements of the Offense - False
Declaration in a Bankruptcy Proceeding – Fifth Element -
Knowledge and Intent to Defraud. . . . . . . . . . . .  58

27.  Count Three: Conspiracy to Commit Bankruptcy Fraud and
Obstruction of Justice Elements of the Offense -
Receiving Property in a Bankruptcy Proceeding. . . . . .  59

28.  Count Three: Conspiracy to Commit Bankruptcy Fraud and
     Obstruction of Justice Elements of the Offense - False
     Declaration in a Bankruptcy Proceeding – First Element -
     Title 11 Proceeding . . . . . . . . . . . . . . . . . .  61

29.  Count Three: Conspiracy to Commit Bankruptcy Fraud and
     Obstruction of Justice Elements of the Offense - False
     Declaration in a Bankruptcy Proceeding 00 Second Element -
     Receiving a Material Amount of Property . . . . . . . .  62

30.  Count Three: Conspiracy to Commit Bankruptcy Fraud and
     Obstruction of Justice Elements of the Offense - False
     Declaration in a Bankruptcy Proceeding – Third Element -
     Materiality. . . . . . . . . . . . . . . . . . . . . .  63

31.  Count Three: Conspiracy to Commit Bankruptcy Fraud and
     Obstruction of Justice Elements of the Offense - False
     Declaration in a Bankruptcy Proceeding – Fourth Element -
     Knowledge and Intent to Defraud. . . . . . . . . . . .  64

32.  Count Three: Conspiracy to Commit Bankruptcy Fraud
     and Obstruction of Justice Elements of the Offense –
     Withholding Records in a Bankruptcy Proceeding.. . . . .  65

33.  Count Three: Conspiracy to Commit Bankruptcy Fraud
     and Obstruction of Justice Elements of the Offense -
     Withholding Records in a Bankruptcy Proceeding – First
     Element - Title 11 Proceeding. . . . . . . . . . . . .  67

34.  Count Three: Conspiracy to Commit Bankruptcy Fraud and
     Obstruction of Justice Elements of the Offense - False
     Declaration in a Bankruptcy Proceeding – Second Element -
     Withholding Records. . . . . . . . . . . . . . . . . .  68

35.  Count Three: Conspiracy to Commit Bankruptcy Fraud
     and Obstruction of Justice Elements of the Offense - False
     Declaration in a Bankruptcy Proceeding Third Element -
     Financial Affairs of the Debtor. . . . . . . . . . . .  69

36.  Count Three: Conspiracy to Commit Bankruptcy Fraud and
     Obstruction of Justice Elements of the Offense - False
     Declaration in a Bankruptcy Proceeding Fourth Element -
     Knowledge and Intent to Defraud. . . . . . . . . . . .  70

37.  Count Three: Conspiracy to Commit Bankruptcy Fraud and
     Obstruction of Justice Elements of the Offense -
     Bankruptcy Fraud.. . . . . . . . . . . . . . . . . . .  71

38.  Count Three: Conspiracy to Commit Bankruptcy Fraud
     and Obstruction of Justice Elements of the Offense -
     Bankruptcy Fraud First Element - Scheme to Defraud.. . . .  73

39.  Count Three: Conspiracy to Commit Bankruptcy Fraud and
     Obstruction of Justice Elements of the Offense -Bankruptcy
     Fraud — Second Element - Filing a Petition or
     Document  . . . . . . . . . . . . . . . . . . . . . . . .  74

40.  Count Three: Conspiracy to Commit Bankruptcy Fraud and
     Obstruction of Justice Elements of the Offense -Bankruptcy
     Fraud — Third Element - Intent to Defraud. . . . . . . .  76

41.  Count Three: Conspiracy to Commit Bankruptcy Fraud and
     Obstruction of Justice Elements of the Offense - Obstructing
     an Agency Proceeding.. . . . . . . . . . . . . . . . . . .  77

42.  Count Three: Conspiracy to Commit Bankruptcy Fraud and
     Obstruction of Justice Elements of the Offense - Obstructing
     an Agency Proceeding — First Element - Proceeding was
     Pending. . . . . . . . . . . . . . . . . . . . . . . . . .  80

43.  Count Three: Conspiracy to Commit Bankruptcy Fraud
     and Obstruction of Justice Elements of the Offense -
     Obstructing an Agency Proceeding — Second Element -
     Knowledge of the Proceeding . . . . . . . . . . . . . . .  81

44.  Count Three: Conspiracy to Commit Bankruptcy Fraud
     and Obstruction of Justice Elements of the Offense -
     Obstructing an Agency Proceeding Third Element - Act of
     Obstructing or Impeding          . . . . . . . . .  82

45.  Count Three: Conspiracy to Commit Bankruptcy Fraud and
     Obstruction of Justice Elements of the Offense -
     Concealing, Covering Up and Falsifying Documents in an
     Investigation. . . . . . . . . . . . . . . . . . . . . . .  83

46.  Count Three: Conspiracy to Commit Bankruptcy Fraud and
     Obstruction of Justice Elements of the Offense - First
     Element — Knowingly Concealing, Covering Up and Falsifying
     Documents in an Investigation. . . . . . . . . . . . . . .  86

47.  Count Three: Conspiracy to Commit Bankruptcy Fraud and
     Obstruction of Justice Elements of the Offense - Second
     Element — Intending to Obstruct an Investigation or Proper
     Administration of a Matter.. . . . . . . . . . . . . . . .  87

48.  Count Four: Bankruptcy Fraud Substantive Offense.. . . . .  88

49.  Counts One Through Four: No Ultimate Harm. . . . . . . .  89

50.  Counts One Through Four:
     Negligence of Victim Not a Defense.. . . . . . . . . . .  91

51.  Count Five: Conspiracy to Commit Witness Tampering
     Objects of the Offense.. . . . . . . . . . . . . . . . .  93

52.  Count Five – First Object – Witness Tampering. . . . . .  95

53.  Count Five – First Object: Witness Tampering – Elements Of
     The Offense. . . . . . . . . . . . . . . . . . . . . . .  97

54.  Count Five – First Object: Witness Tampering – First Element
     – Corrupt Persuasion.. . . . . . . . . . . . . . . . . .  98

55.  Count Five – First Object: Witness Tampering – Second
     Element – Knowledge And Intent.. . . . . . . . . . . . . 101

56.  Count Five – Second Object: Witness Tampering. . . . . . 103

57.  Count Five – Second Object: Witness Tampering – Elements Of
     The Offense. . . . . . . . . . . . . . . . . . . . . . . 104

58.  Count Five – Second Object: Witness Tampering – First
     Element – Corrupt Persuasion and Misleading Conduct. . . 105

59.  Count Five – Second Object: Witness Tampering – Second
     Element – Knowledge And Intent.. . . . . . . . . . . . . 106

60.  Count Five – Third Object: Witness Tampering.. . . . . . 107

61.  Count Five – Third Object: Witness – Tampering Elements Of
     The Offense. . . . . . . . . . . . . . . . . . . . . . . 108

62.  Count Five Third Object: Witness Tampering First Element –
     Corrupt Persuasion and Misleading Conduct. . . . . . . . 109

63.  Count Five Third Object: Witness Tampering Second Element –
     Knowledge And Intent.. . . . . . . . . . . . . . . . . . 110

64.  Count Five – Fourth Object: Witness Tampering. . . . . . 112

65.  Count Five – Fourth Object: Witness – Tampering Elements Of
     The Offense. . . . . . . . . . . . . . . . . . . . . . . 113

66.  Count Five Fourth Object: Witness Tampering First Element –

Corrupt Persuasion and Misleading Conduct. . . . . . . 114

67.  Count Five Fourth Object: Witness Tampering Second Element –
     Knowledge And Intent.. . . . . . . . . . . . . . . . 115

68.  Count Five Fifth Object: Obstructing an
     Official Proceeding. . . . . . . . . . . . . . . . . 116

69.  Count Five Fifth Object: Witness Tampering Elements Of The
     Offense. . . . . . . . . . . . . . . . . . . . . . . 117

70.  Count Five Fifth Object: Obstruction of Justice First
     Element – Official Proceeding First Element: Official
     Proceeding.. . . . . . . . . . . . . . . . . . . . . 118

71.  Count Five – Fifth Object – Obstruction of Justice
     Second Element – Defendant Corruptly Obstructed, Influenced
     or Impeded an Official Proceeding. . . . . . . . . . 119

72.  Count Five Second Object: Witness Tampering Third Element:
     Nexus Between Acts And Obstruction.. . . . . . . . . 120

73.  Count Six: False Statements False Statements: The Indictment
     and the Statute. . . . . . . . . . . . . . . . . . . 121

74.  Count Six: False Statements – False Statements: Elements of
     the Offense – Falsifying, Concealing and Covering Up.. . 123

75.  False Statements:  First Element – Falsified, Concealed or
     Covered Up a Fact. . . . . . . . . . . . . . . . . . 124

76.  False Statements -- Second Element – Materiality.. . . . 125

77.  False Statements --  Third Element – Trick, Scheme
     or Device. . . . . . . . . . . . . . . . . . . . . . 126

78.  False Statements -- Fourth Element – Knowing and Willful
     Conduct. . . . . . . . . . . . . . . . . . . . . . . 127

79.  False Statements --  Fifth Element – Statement Made Within
     the Jurisdiction of the United States Government.. . . . 128

80.  Count Six: False Statements False Statements: Elements of
     the Offense False, Fictitious of
     Fraudulent Statements. . . . . . . . . . . . . . . . 130

81.  False Statements:  First Element – Statement or
     Representation.. . . . . . . . . . . . . . . . . . . 131

82.  False Statements -- Second Element – Materiality.. . . . 132

83.  False Statements --  Third Element – False, Fictitious or
     Fraudulent Statement.. . . . . . . . . . . . . . . . 133

84.  False Statements -- Fourth Element – Knowing and Willful
     Conduct. . . . . . . . . . . . . . . . . . . . . . 134

85.  False Statements --  Fifth Element – Statement Made Within
     the Jurisdiction of the United States Government.. . . . 135

86.  Count Six: False Statements False Statements: Elements of
     the Offense – False Writing or Document. . . . . . . . 136

87.  False Statements:  First Element – Statement or
     Representation . . . . . . . . . . . . . . . . . . . 137

88.  False Statements -- Second Element – Materiality.. . . . 138

89.  False Statements --  Third Element False, Fictitious or
     Fraudulent Statement.. . . . . . . . . . . . . . . . 139

90.  False Statements -- Fourth Element Knowing and Willful
     Conduct. . . . . . . . . . . . . . . . . . . . . . 140

91.  False Statements --  Fifth Element Statement Made Within the
     Jurisdiction of the United States Government.. . . . . . 141

92.  Count Seven: Obstruction of Justice. . . . . . . . . . 142

93.  Counts, Two, Four and Seven: Guilt of Substantive
     Offense -- Pinkerton Charge . . . . . . . . . . . . . 143

94.  Count Eight: Witness Tampering.. . . . . . . . . . . 146

95.  Count Eight: Witness Tampering The Meaning Of Attempt. . 147

96.  Count Eight: Witness Tampering
     Consciousness Of Guilt From Witness Tampering. . . . . 150

## REQUEST NO. 1

### General Requests

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.   Function of Court and Jury

b.   Indictment Not Evidence

c.   Statements of Court And Counsel Not Evidence

d.   Burden of Proof and Presumption of Innocence

e.   Reasonable Doubt

f.   Government Treated Like Any Other Party

g.   Inferences

h.   Definitions and Examples of Direct and Circumstantial Evidence

i.   Credibility of Witnesses

j.   Interest In Outcome

k.   Right To See Exhibits and Have Testimony Read During Deliberations

l.   Sympathy: Oath as Jurors

m.   Punishment Is Not To Be Considered By The Jury

n.   Verdict of Guilt or Innocence Must Be Unanimous

1

**REQUEST NO. 2**

**The Indictment**

The defendant is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.  The Indictment in this case contains eight counts.

Count One of the Indictment charges the defendant, ANDREW BARTOK, a/k/a "Drew Bartok," and others known and unknown, with conspiracy to commit mail fraud and wire fraud.  Count One charges the defendant with participating in a scheme to defraud Revelations' clients through his use of the United States Bankruptcy courts.  The government alleges that BARTOK and his co-conspirators, among other things, filed fraudulent bankruptcy petitions and other false documents in the clients' names and instructed the clients not to attend bankruptcy court proceedings.  The government also alleges that BARTOK and his co-conspirators sought to obtain as much money as possible, for as long as possible, from Revelations' clients by making false representations and by abuse of the United States Bankruptcy courts.

Counts Two charges the defendant with actually committing mail fraud, and aiding and abetting the commission of mail fraud, in connection with the scheme that I have just described.

2

Count Three charges the defendant with conspiring to commit bankruptcy fraud and obstruction of justice.

Count Four charges the defendant with actually committing bankruptcy fraud, and aiding and abetting the commission of bankruptcy fraud.

Count Five charges the defendant with conspiring to commit witness tampering.

Count Six charges the defendant with making false statements to a United States Bankruptcy Judge.

Count Seven charges the defendant with obstructing justice, and aiding and abetting the obstruction of justice, by failing to produce documents to the Office of the United States Trustee that had been ordered to be produced by a United States Bankruptcy Judge.

Count Eight charges the defendant with obstructing justice by offering to settle a civil lawsuit against former employees in exchange for the employees paying Bartok $5,000 and not providing testimony against him concerning Revelations.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 35-45; the charge of the
> Honorable Kevin Thomas Duffy in United States
> v. Ogarro, 92 Cr. 114 (S.D.N.Y. 1992); the
> charge of the Honorable Kevin Thomas Duffy in
> United States v. Burnett, 92 Cr. 731
> (S.D.N.Y. 1993); and the charge of the
> Honorable Richard M. Berman in United States
> v. Manuel Pena, 00 Cr. 36 (S.D.N.Y. 2001).

**REQUEST NO. 3**

**Multiple Counts**

As I just indicated, the Indictment contains a total of eight counts.  Each count constitutes a separate offense or crime.  You must consider each count of the Indictment separately, and you must return a separate verdict on each count in which the defendant is charged.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 3-8; see United States v.
> Sanzo, 673 F.2d 64 (2d Cir. 1982).

4

**REQUEST NO. 4**

**Counts One, Three and Five: Conspiracy General Instructions**

Counts One, Three and Five of the Indictment each charge the defendant with participating in a conspiracy to violate certain federal laws.  The Indictment reads that:

> *[The Court is respectfully requested to read the Statutory Allegation of Counts One, Three and Five of the Indictment]*

A conspiracy is a kind of criminal partnership -- a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy to violate a federal law is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

For example, in this case, the objectives of the conspiracy charged in Count One were to commit wire fraud and mail fraud.  A conspiracy to commit wire fraud is an entirely distinct and separate offense from the actual commission of wire fraud.  A conspiracy to commit mail fraud is an entirely distinct and separate offense from the actual commission of mail fraud. If a conspiracy exists, even if it should fail in its purpose, it is still punishable as a crime.

Indeed, you may find a defendant guilty of the crime of conspiracy to commit an offense against the United States even

5

though the substantive crimes which were the object of the conspiracy were not actually committed.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful.  This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 19-2.

**REQUEST NO. 5**

**Counts One, Three and Five: Conspiracy
Elements of Conspiracy**

In order to satisfy its burden of proof with respect to the allegation of conspiracy for Counts One and Five, the Government must prove beyond a reasonable doubt the following two elements:

First, that the conspiracy charged in the Indictment existed; that is, that there was an agreement or understanding to commit a federal crime.

Second, that the defendant knowingly became a member of that conspiracy.

With respect to Count Three of the Indictment and <u>only</u> Count Three of the Indictment, there is an additional element that the Government must prove, namely, the Government must prove that any one of the conspirators -- not necessarily the defendant, but any one of the parties involved in the conspiracy -- knowingly committed at least one overt act in furtherance of the conspiracy.

> Adapted from the charge given by the Honorable John F. Keenan in United States v. Rasheen Jordan, 03 CR 399 (JFK) (S.D.N.Y. 2004), and from Sand, Modern Federal Jury Instructions, Instr. 19-3.

## REQUEST NO. 6

### Counts One, Three and Five : Conspiracy
### First Element -- Existence of the Conspiracy

The first element, of Counts One, Three and Five, which the Government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the conspiracy actually existed, that is, that two or more persons knowingly entered into the unlawful agreement charged in the Count in the Indictment that you are considering.

The gist or the essence of the crime of conspiracy is the unlawful combination or agreement to violate the law.  The success of the conspiracy or the actual commission of a criminal act which is the object of the conspiracy is not an element of that crime.

In order for the Government to satisfy this element, you need not find that the alleged members of the conspiracy sat around together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished.  What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to commit an unlawful act has been established by direct proof.  However, common sense tells you that when people, in fact, enter into a criminal conspiracy, much is left to unexpressed understanding.  Conspiracy by its very nature is characterized by secrecy.  It is, therefore, rare that a conspiracy can be proven by direct evidence of an explicit agreement.

You may, however, infer the existence of the conspiracy from the circumstances of the case and the conduct of the parties involved if you find that the evidence justifies such an inference.  In a very real sense, then, in the context of a conspiracy charge, actions often speak louder than words.  In this regard you may, in determining whether an agreement existed here, consider the actions and statements of all of those whom you found or find to be participants as proof that a common design existed on the part of the persons involved in the conspiracy to act together to accomplish an unlawful purpose.

So for each count you are considering, you must first determine whether or not the proof established beyond a reasonable doubt the existence of the conspiracy charged.  In considering the first element, you should consider all of the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator, which may include not

9

only the defendant, but other co-conspirators as well, and such inferences as reasonably may be drawn from the evidence.

### Objects of the Conspiracy

The object of a conspiracy is the illegal goal that the co-conspirators agreed, or hoped, to achieve.

For example, the Indictment here charges that the conspiracy alleged in Count One had two objects: (i) the commission of mail fraud; and (ii) the commission of wire fraud. I will explain the law regarding wire fraud and mail fraud later in my instructions.

If you find that the conspirators agreed to accomplish either one of the two objectives charged in Count One of the Indictment -- that is, the commission of wire fraud or the commission of mail fraud, the illegal purpose element will be satisfied. In other words, you need not find that the conspirators agreed to accomplish both of these objectives. An agreement to accomplish one of the two objectives is sufficient. However, you must be unanimous as to the objective. That is, you must all be in agreement with respect to at least one of the alleged objectives of the conspiracy.

With respect to Count Three of the Indictment, the conspiracy alleged in Count Three had six objects. If you find that the conspirators agreed to accomplish one of the six

objectives charged in Count Three of the Indictment, the illegal purpose element will be satisfied.

With respect to Count Five of the Indictment, the conspiracy alleged in Count Five of the Indictment had five objects.  If you find that the conspirators agreed to accomplish one of the five objectives charged in Count Five of the Indictment, the illegal purpose element will be satisfied.

> Adapted from the charge given by the Honorable John F. Keenan in United States v. Rasheen Jordan, 03 CR 399 (JFK) (S.D.N.Y. 2004), and from Sand, Modern Federal Jury Instructions, Instr. 19-4; see also United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice.  The conspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes.") (citations omitted); United States v. Montour, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the government need not present evidence of a formal arrangement between the co-conspirators. Rather, it is sufficient if the government can demonstrate that the defendant acted together with others to realize a common goal.") (citations omitted).

**REQUEST NO. 7**

**Counts One, Three and Five: Conspiracy**
**Second Element -- Membership in the Conspiracy**

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in count of the Indictment you are considering existed, you must next determine the second question with respect to the particular count you are considering, which is whether the defendant knowingly and willfully became a member of the conspiracy. Thus, if you are satisfied that the conspiracy charged in the Count you are considering existed, you must next ask yourselves whether the defendant was a member of that conspiracy – that is, whether the defendant participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

The Government must prove beyond a reasonable doubt that the defendant knowingly and willfully entered into the conspiracy with a criminal intent, that is, with a purpose to violate the law, and that he agreed to take part in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering its objective. Let me define for you the terms knowingly, willfully and unlawfully.

A person acts knowingly and willfully if he acts voluntarily and purposefully and not because of mistake, accident, mere negligence or some other innocent reason.

Unlawfully means contrary to law.  It is not necessary that the defendant knew he was violating a particular law.  It is enough if he was aware that what he was doing in general was unlawful.

The question of whether a person acted knowingly, willfully and unlawfully is a question of fact for you to decide like any other fact question.  This question involves one's state of mind.

Direct evidence of knowledge and intent is almost never available.  Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.  There are no x-ray machines or CAT scans that can show the thoughts within the human mind. Moreover, it would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with an unlawful intent.

However, you do have before you the evidence of certain acts alleged to have been taken by the defendant.  The Government contends that these acts show beyond a reasonable doubt that the defendant knowingly, willfully, and with criminal intent, joined the conspiracy.  The ultimate facts of knowledge and criminal intent, though subjective, may be established by words and conduct, and all the surrounding circumstances, as well as the rational or logical inferences that may be drawn from words and conduct within those circumstances.  It is for you to determine whether the Government has established beyond a reasonable doubt

such knowledge and intent on the part of the defendant.

It is not necessary that a defendant be fully informed as to all the details of the conspiracy in order to justify an inference of knowledge on his or her part.  To have guilty knowledge, the defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants.  It is not even necessary that the defendant know every other member of the conspiracy.  In fact, a defendant may know only one other member of the conspiracy and still be a co-conspirator.

Nor is it necessary that the defendant receive any monetary benefit from participating in a conspiracy, or that he have a financial stake in the outcome, so long as he, in fact, participated in the conspiracy in the manner I have explained. The duration and extent of the defendant's participation has no bearing on the issue of the defendant's guilt.  A conspirator's liability is not measured by the extent or duration of his participation.  Indeed, each member of the conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators may play major roles while others play minor roles in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.

However, I want to caution you that mere association of

14

one person with another does not make that person a member of a conspiracy, even when coupled with knowledge that a conspiracy is taking place.  In other words, knowledge without participation is not sufficient.  What is necessary is that the defendant has participated in the conspiracy with the knowledge of its unlawful purpose and with an intent to aid in the accomplishment of its unlawful objective.

Now, although mere association with conspirators is not enough, it is a fact that you may consider, among others, to determine whether a defendant was a member of the conspiracy. The defendant's association may establish his membership in a conspiracy if all of the circumstances considered together show that his association was meant to advance the goal of the conspiracy.  He must not only have associated, he must have known about the conspiracy, he must have intended by his association to participate in the conspiracy or to help it succeed.  In other words, association itself may demonstrate membership in a conspiracy only if that association is as a functional part of the conspiracy.  In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it with the purposes of furthering an illegal undertaking.  The defendant thereby becomes a knowing and willing participant in the unlawful agreement, that is to say, a conspirator.

15

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its member.  So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue to be a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself from it.

> Adapted from the charge given by the Honorable John F. Keenan in United States v. Rasheen Jordan, 03 CR 399 (JFK) (S.D.N.Y. 2004), and from Sand, Modern Federal Jury Instructions, Instr. 19-6.  See also United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence.  A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member.") (citations omitted); United States v. Miranda-Ortiz, 926 F.2d 172, 175-6 (2d Cir. 1991) (generally discussing proof required to show membership in conspiracy); United States v. Maldonado-Rivera, 922 F.2d 934, 960 (2d Cir. 1990) (same).

**REQUEST NO. 8**

**Count Three: Conspiracy**
**Overt Act**

      With respect to Count Three of the Indictment and only Count Three of the Indictment, there is a third element, which the Government must prove beyond a reasonable doubt to establish the offense of conspiracy. To sustain its burden of proof, the Government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of the conspiracy, charged in Count Three, by at least one of the co-conspirators in the Southern District of New York.

      I instruct you as a matter of law that Manhattan, the Bronx, Westchester County, Rockland County, Sullivan County, Putnam County, Orange County and Dutchess County fall within the geographic boundaries of the Southern District of New York.

      The purpose of the overt act requirement is clear. There must have been something more than mere agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy charged in Count Three of the Indictment.

      The overt acts are set forth in paragraph 27 of the Indictment.

17

You may find that overt acts were committed which were not alleged in the Indictment.  The only requirement is that one of the members of the conspiracy has taken some step or action in furtherance of the conspiracy in the Southern District of New York during the life of the conspiracy.

Let me put it colloquially.  The overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage.  The requirement of an overt act is a requirement that some action be taken during the life of the conspiracy by one of the co-conspirators to further the conspiracy.

In order for the Government to satisfy the overt act requirement for Count Three of the Indictment, it is not necessary for the Government to prove all of the overt acts alleged in the Indictment.  Nor must you find that the defendant in this case committed the overt acts alleged.  It is sufficient for the Government to show that either the defendant or one of his alleged co-conspirators knowingly committed an overt act in furtherance of the conspiracy.

Remember, the act of any one of the members of a conspiracy, done in furtherance of the conspiracy, becomes the act of all the other members.  To be a member of the conspiracy, it is not necessary for a defendant to commit an

18

overt act.

You should bear in mind that the overt act, standing alone, may be an innocent, lawful act.  Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding, or assisting the conspiratorial scheme.  You are therefore instructed that the overt act does not have to be an act which in and of itself is criminal or constitutes an objective of the conspiracy.

You are further instructed that the overt act need not have been committed at precisely the time alleged in the Indictment.  It is sufficient if you are convinced beyond a reasonable doubt that it occurred at or about the time and place stated, as long as it occurred while the conspiracy was still in existence.

> Adapted from the charge of the Honorable Leonard
> B. Sand in United States v. Rios, 91 Cr. 914 (LBS)
> (S.D.N.Y. 1992).

19

## REQUEST NO. 9

## Counts One, Three and Five: Conspiracy
## Time of Conspiracy

The Indictment alleges that the conspiracy charged in Counts One, Three and Five existed from in or about 2000 through in or about February 2011.  It is not essential that the Government prove that the conspiracies started and ended within the specific time period alleged.  Indeed, it is sufficient if you find that, in fact, a conspiracy was formed and that it existed for some time within the period set forth in the Indictment.

> Adapted from the charge given by the Honorable John F. Keenan in United States v. Rasheen Jordan, 03 CR 399 (JFK) (S.D.N.Y. 2004.)

**REQUEST NO. 10**

**Counts One, Three and Five: Conspiracy
Liability for Acts and Declarations of Co-conspirators**

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.

In determining the factual issues before you, you may consider against the defendant any acts or statements made by any of the people that you find, under the standards I have already described, to have been his co-conspirators, even though such acts or statements were not made in his presence, or were made without his knowledge.

> See United States v. Mastropieri, 685 F.2d 776, 786-90 (2d Cir.), cert. denied, 459 U.S. 945 (1982) (specifically mandating that juries not be invited to reconsider the admissibility of co-conspirator hearsay).

**REQUEST NO. 11**

**Counts One, Three and Five: Conspiracy
Conscious Avoidance**

**[If Applicable]**

As I explained, the government is required to prove
that the defendant acted knowingly. In determining whether the
defendant acted knowingly, you may consider whether the defendant
deliberately closed his eyes to what otherwise would have been
obvious.

If you find that the defendant was aware of a high
probability that the object of the conspiracy was to violate
federal law, but that the defendant acted with deliberate
disregard of that fact, you may find that the defendant acted
knowingly.  The law calls this "conscious avoidance."  However,
if you find that the defendant actually believed that he and his
co-conspirators were acting in a lawful manner, he may not be
convicted of the charge in Counts One, Three, and Five.

A person cannot look at all sorts of things that make
it obvious to any reasonable person what is going on and then
claim in court that because he deliberately avoided learning
explicitly what was obvious anyway, he did not actually know the
incriminating fact.

I want to be very clear about what this means and does
not mean with respect to the conspiracies charged in the

22

Indictment.

First, there is a difference between knowingly participating in the conspiracy and knowing the objects of the conspiracy. "Conscious avoidance," as I have described it, cannot be used as a basis for finding that the defendant knowingly joined the conspiracy. It is logically impossible for a defendant to join the conspiracy unless he knows the fact that the conspiracy exists. However, if you find beyond a reasonable doubt that the defendant chose to participate in a joint undertaking, you may consider whether the defendant deliberately avoided confirming an otherwise obvious fact, that the purpose of the partnership he joined was to commit a crime.

If you find beyond a reasonable doubt that the defendant was aware that there was a high probability that his co-conspirator's objective was to commit a crime, but that he deliberately avoided confirming this fact, you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge of the object of the charged conspiracy, unless you find that the defendant actually believed that he and his coconspirators were acting in a lawful manner.

Again, the last point is important. The necessary knowledge on the part of the defendant regarding the object of the conspiracy cannot be established by showing the defendant was merely careless or negligent or stupid or foolish, or that he

should have known what was going on.  If the defendant actually believed that the conspiracy was about something else entirely, or if he was merely foolish, careless or even reckless about the risk that he was wrong, then you cannot find him guilty. Conscious avoidance can only be established where the defendant deliberately decided not to confirm a key fact, when it was obvious or highly probable that the fact was true.  One may not willfully and intentionally remain ignorant of important facts in order to escape the consequences of the criminal laws.

If you find that the defendant was aware of a high probability that the object of the conspiracy was to violate federal law, and that the defendant acted with deliberate disregard of these facts, you may find that the defendant acted knowingly. However, if you find that the defendant actually believed that the object of the conspiracy was lawful, he may not be convicted.

> Adapted from the charge given by the Honorable John F. Keenan in United States v. Rohan Cameron, 03 Cr. 1457(JFK) (S.D.N.Y. 2004), and from Sand, Modern Federal Jury Instructions, Instr. 3A-2.  "A conscious-avoidance charge is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact."  United States v. Hopkins, 53 F.3d 533, 542 (2d Cir. 1995) (citations and internal quotation marks omitted).  The Second Circuit has cautioned

24

that "the prosecutor should request that the
'high probability' and 'actual belief'
language be incorporated into every conscious
avoidance charge."  United States v. Feroz,
848 F.2d 359, 360 (2d Cir. 1988) (per curiam)
("[K]nowledge of the existence of a
particular fact is established (1)  if a
person is aware of a high probability of its
existence, (2) unless he actually believes
that it does not exist.").

## REQUEST NO. 12

## Count One: Conspiracy to Commit Mail and Wire Fraud
## Objects of the Offense

In Count One of the Indictment, the defendant is charged with conspiring to accomplish two different illegal objectives – mail fraud and wire fraud.  It is not necessary for you to find that the conspiracy embodied both of these unlawful objectives.  It is sufficient if you find beyond a reasonable doubt that the conspirators agreed, expressly or impliedly, on one of the two objectives -- to commit mail fraud or to commit wire fraud.

I will now instruct you concerning those illegal objectives.

26

<u>**REQUEST NO. 13**</u>

<u>**Count One: Conspiracy to Commit Mail and Wire Fraud
Elements of the Offense - Mail Fraud**</u>

The first object of the conspiracy charged in Count One charges the defendant with conspiring to violate Section 1341 of Title 18 of the United States Code, which is the mail fraud statute.

The relevant statute on this subject provides, in pertinent part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises . . . for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing what ever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon . . . any such matter or thing, shall be [guilty of a crime].

I will now instruct you concerning the elements of mail

27

fraud.  Please keep in mind that in order to prove that the defendant conspired to commit mail fraud, the Government need not prove that mail fraud actually occurred.  However, because mail fraud is charged both as an object of the conspiracy in Count One and as a substantive violation in Count Two, I will now instruct you concerning the elements of the substantive offense of mail fraud.

In order to prove the defendant guilty of mail fraud, the Government must separately establish beyond a reasonable doubt the following three essential elements:

First, that in or about the time period alleged in the Indictment, there was a scheme or artifice to defraud others of money or property by false or fraudulent pretenses, representations, or promises;

Second, that the defendant knowingly and willfully devised or participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in the execution of that scheme, the defendant himself used, or caused the use by others, of the mails

28

as specified in the Indictment.

            Adapted from Sand, Modern Federal Jury
            Instructions, Instr. 44-3.

**REQUEST NO. 14**

**Count One: Conspiracy to Commit Mail and Wire Fraud**
**Elements of the Offense - Mail Fraud**
**First Element -- Existence of Scheme or Artifice**

The first element of mail fraud that the Government must prove beyond a reasonable doubt is the existence of a scheme or artifice to defraud or to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

A "scheme or artifice" is simply a plan for the accomplishment of an object.

"Fraud" is a general term. It is a term that includes all the possible means by which a person seeks to gain some unfair advantage over another person by false representations, false suggestion, false pretenses, or concealment of the truth. The unfair advantage sought can involve money, property, or any other thing of value.

Thus, a "scheme to defraud" is any plan, device, or course of action to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises. It is a plan to deprive another of money or property by trick, deceit, deception, swindle, or overreaching.

You may find the existence of such a scheme if you find that the defendant conducted himself in a manner that departed from traditional notions of fundamental honesty and fair play in the general business life of society.

In order to establish a scheme to defraud, the Government need not show that the defendant made a misrepresentation.  A scheme to defraud can exist even if the scheme did not progress to the point where misrepresentations would be made.  In addition, even if you find that the statements the Government contends were made or contemplated by the defendant in furtherance of the scheme were literally true, you can still find that the first element of the mail fraud statute has been satisfied if the statements and/or conduct of the defendant were deceptive.

A "pretense, representation, or statement" is fraudulent if it was made falsely and with intent to deceive.  A statement may also be fraudulent if it contains half-truths or if it conceals material facts in a manner that makes what is said or represented deliberately misleading.

The Government contends that the defendant participated

in a scheme to defraud individuals who were facing foreclosure proceedings on their homes.

The false or fraudulent representation or concealment must relate to a material fact or matter.  A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.  That means that, if you find a particular statement or representation false, you must determine whether that statement or representation was one that a reasonable person might have considered important in making his or her decision.  The same principle applies to fraudulent half truths or omissions, that is, failures to disclose facts.

In addition to proving that a statement was false or fraudulent or that there was a concealment related to a material fact, in order to establish a scheme to defraud, the Government must prove that the alleged scheme contemplated depriving another of money or property.

It is not necessary for the Government to establish that the defendant actually realized any gain from the scheme or that any particular person actually suffered damages as a

consequence of the fraudulent scheme.  You must concentrate on whether there was such a scheme, not on the consequences of the scheme.

A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 44-4 (based on the
> charge of the Honorable Edward Weinfeld in
> United States v. Ranney, 82 Cr. 771 (S.D.N.Y.
> 1983)); the charge of the Honorable Michael
> B. Mukasey in United States v. Uccio, 88 Cr.
> 906 (S.D.N.Y. 1989), aff'd, 917 F.2d 80
> (1990); and the charge of the Honorable
> Charles S. Haight, Jr. in United States v.
> Rogers, 90 Cr. 377 (S.D.N.Y. 1991); United
> States v. Ragosta, 970 F.2d 1085, 1089-90 (2d
> Cir.) (bank fraud statute; "[t]he term
> 'scheme to defraud,'. . . is not capable of
> precise definition.  Fraud instead is
> measured in a particular case by determining
> whether the scheme demonstrated a departure
> from fundamental honesty, moral uprightness,
> or fair play and candid dealings in the
> general life of the community"; because 18
> U.S.C. § 1344 is written in disjunctive,
> "courts have required proof of
> misrepresentation only when the defendant is
> charged with violating" provision regarding
> "scheme . . . to obtain . . . moneys . . . by
> means of false or fraudulent . . .
> representations"; under provision addressing
> "schemes to defraud," statute "does not

33

require proof of a misrepresentation")
(citations omitted), cert. denied, 506 U.S.
102 (1997); United States v. Richman, 944
F.2d 323, 331-32 (7th Cir. 1991) (mail fraud;
"scheme to defraud" established even if no
misrepresentation made; it is "immaterial
that the [scheme] did not progress to the
point where [defendant] had to make false
representations" to victim; rejecting
defendant's request for instruction that
"false . . . representations must have been
made"; "'the mail fraud statute proscribes
fraudulent schemes' rather than specific
misrepresentations to the party to be
defrauded") (citations omitted); United
States v. Karro, 257 F.3d 112, 118 (2d Cir.
2001) (holding that a defendant who
intentionally provides false information to a
lender about her identity to obtain a credit
card has intent to defraud, whether or not
she intended to repay the credit card debts).

**REQUEST NO. 15**

**Count One: Conspiracy to Commit Mail and Wire Fraud**
**Elements of the Offense - Mail Fraud**
**Second Element -- Participation in Scheme with Intent to Defraud**

The second element of mail fraud that the Government must establish beyond a reasonable doubt is that the defendant devised or participated in the fraudulent scheme knowingly, willfully, and with the specific intent to defraud.

The words "devised" and "participated" are words that you are familiar with and, therefore, I do not need to spend much time defining them for you.  To "devise" a scheme to defraud is to concoct or plan it.  To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed.  While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

In order to satisfy this element, it is not necessary for the Government to establish that the defendant originated the scheme to defraud.  It is sufficient if you find that a scheme to defraud existed, even if originated by another, and that the

35

defendant, while aware of the scheme's existence, knowingly participated in it.

It is also not required that the defendant participate in or have knowledge of all of the operations of the scheme.  The guilt of the defendant is not governed by the extent of his participation.

It also is not necessary that the defendant have participated in the alleged scheme from the beginning.  A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the unlawful goals, becomes a member of the scheme and is legally responsible for all that may have been done in the past in furtherance of the criminal objective and all that is done thereafter.

Even if the defendant participated in the scheme to a lesser degree than others, he is nevertheless equally guilty, so long as that defendant became a member of the scheme to defraud with knowledge of its general scope and purpose.

As I have previously noted, before the defendant may be convicted of the fraud charged here, he must also be shown

to have acted knowingly and willfully and also with a specific intent to defraud.

An act is done "knowingly" and "willfully" if it is done deliberately and purposefully; that is, the defendant's act must have been the product of defendant's conscious objective rather than the product of a mistake or accident or mere negligence or some other innocent reason.

The defendant acted with "intent to defraud" if he engaged or participated in the fraudulent scheme with some realization of its fraudulent or deceptive character and with an intention to be involved in the scheme to defraud and to help it succeed with a purpose of causing harm to the victim.  The Government need not prove that the intended victims were actually harmed; only that such harm was contemplated.  Actors are presumed to intend the natural and probable consequences of their actions.  So when the necessary result of the actor's scheme is to injure others, fraudulent intent may be inferred from the scheme itself.

The question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for

you to determine, like any other fact question.  This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available.  Indeed, it would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he or she committed an act with fraudulent intent.  Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense."  Using your common sense means that, when you come to decide whether the defendant possessed or lacked an intent to defraud, you need not limit yourself to just what the defendant said, but you may also look at what the defendant did and what others did in relation to the

defendant and, in general, everything that occurred.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 44-5 based on the charge
> of the Honorable Edward Weinfeld in United
> States v. Ranney, 82 Cr. 771 (S.D.N.Y.
> 1983)); the charge of the Honorable Michael
> B. Mukasey in United States v. Uccio, 88 Cr.
> 906 (S.D.N.Y. 1989), aff'd, 917 F.2d 80
> (1990); the  charge of the Honorable Charles
> S. Haight, Jr. in United States v. Rogers, 90
> Cr. 377 (S.D.N.Y. 1991); and the charge of
> the Honorable John G. Koeltl in United States
> v. Szur, 97 Cr. 108 (S.D.N.Y. 1998); see also
> United States v. Bryser, 954 F.2d 79, 88-89
> (2d Cir.) (mail fraud; Government need not
> establish that defendant participated in all
> aspects of scheme), cert. denied, 112 S. Ct.
> 2939 (1992); United States v. Amrep Corp.,
> 560 F.2d 539, 543 (2d Cir. 1977) (holding
> that defendant may be liable for fraudulent
> transaction in which he did not directly
> participate, so long as part of overall
> scheme) (citations omitted), cert. denied,
> 434 U.S. 1015 (1978); United States v.
> Schwartz, 924 F.2d 410, 420 (2d Cir. 1991)
> ("It need not be shown that the intended
> victim of the fraud was actually harmed; it
> is enough to show defendants contemplated
> doing actual harm, that is, something more
> than merely deceiving the victim."); United
> States v. King, 860 F.2d 54, 55 (2d Cir.
> 1988) (same), cert. denied, 490 U.S. 1065
> (1989).

REQUEST NO. 16

**Count One: Conspiracy to Commit Mail and Wire Fraud**
**Elements of the Offense - Mail Fraud**
**Third Element -- Use of the Mails**

The third element of mail fraud that the Government must prove beyond a reasonable doubt is the use of the mails in furtherance of the fraudulent scheme.  The use of the mails as I have used it here includes material sent through either the United States Postal Service or a private or commercial interstate carrier.

The mailed matter need not contain a fraudulent representation or purpose or request for money.  It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for the defendant to have been directly or personally involved in the mailing, so long as the mailing was reasonably foreseeable in the execution of the scheme to defraud in which the defendant is accused of participating.

In this connection, it would be enough to establish this element of the crime if the evidence justifies a finding that the scheme, in which the defendant participated, caused a

mailing by others; and this does not mean that the defendant himself must specifically have authorized others to do the mailing.  This mailing requirement can be satisfied even if the mailing was done by the person being defrauded or some other innocent party.  When a person does an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use of the mails can reasonably be foreseen by that person, even though he does not actually intend such use of the mails, then he nonetheless causes the mails to be used.

> Adapted from the charges of the Honorable
> Michael B. Mukasey in United States v.
> Harding, 91 Cr. 43 (MBM) (S.D.N.Y. 1991) and
> in United States v. Uccio, 88 Cr. 906 (MBM)
> (S.D.N.Y. 1989), aff'd, 917 F.2d 80 (1990)
> (wire fraud), and from Sand et al., Modern
> Federal Jury Instructions, Instr. 44-6.

## REQUEST NO. 17

## Count One: Conspiracy to Commit
## Mail and Wire Fraud
## Elements of the Offense - Wire Fraud

The second object of the conspiracy charged in Count One charges the defendant with conspiring to violate Section 1343 of Title 18 of the United States Code, which is the wire fraud statute.  That statute provides:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio or television communications in interstate, or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be [guilty of a crime].

To find that there existed a conspiracy to commit wire fraud, you must find that the government proved beyond a reasonable doubt that the object of the conspiracy was:

First, a scheme or artifice to defraud others of money or property by false or fraudulent pretenses, representations, or promises.

Second, that the conspirators knowingly and willfully participated in the scheme or artifice knowing of its fraudulent nature and having the specific intent to defraud.

Third, the scheme or artifice would be executed using or causing the use of interstate or foreign wires.

With regard to the first two elements of this offense, you should apply the instructions I just gave you with regard to the first two elements of the mail fraud statute because they are the same elements.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 44-3 (based on the
> charge of the Honorable Edward Weinfeld in
> United States v. Ranney, 82 Cr. 771 (EW)
> (1983)); and the charge of the Honorable
> Michael B. Mukasey in United States v. Uccio,
> 88 Cr. 906 (MBM) (1989), aff'd, 917 F.2d 80
> (1990); the charge of the Honorable John G.
> Koeltl in United States v. Szur, 97 Cr. 108
> (JGK)  (1998); and the charge of the
> Honorable Charles S. Haight, Jr. in United
> States v. Rogers, 90 Cr. 377 (1991); see also
> United States v. Dinome, 86 F.3d 277, 283 (2d
> Cir. 1996); United States v. Altman, 48 F.3d
> 97, 101 (2d Cir. 1995); United States v.
> Mittelstaedt, 31 F.3d 1208, 1216 (2d Cir.
> 1994); United States v. Miller, 997 F.2d
> 1010, 1017 (2d Cir. 1993); United States v.
> Wallach, 935 F.2d 445, 461 (2d Cir. 1991);
> United States v. Rodolitz, 786 F.2d 77, 80
> (2d Cir.) (discussing elements of analogous

mail fraud violation), cert. denied, 479 U.S.
826 (1986); Polycast Technology Corp. v.
Uniroyal, Inc., 728 F. Supp. 926 (1989)
(elements of wire fraud).

**REQUEST NO. 18**

**Count One: Conspiracy to Commit Mail and Wire Fraud
Elements of the Offense - Wire Fraud – Use of Interstate Wires**

As for the third element, that the scheme or artifice would be executed using or causing the use of interstate or foreign wires, I instruct you that the term "wire facilities" includes telephones, faxes, e-mail, radios, and television.  The "interstate" or "foreign" requirement means that the wire communication must pass between two or more states as, for example, a transmission of computer signals between New York and another state, such as Pennsylvania, New Jersey, Delaware, Illinois, or California, or between the United States and another country.

A scheme can be executed using or causing the use of interstate or foreign wires even if the defendant is not directly or personally involved in any wire communication, as long as the communication is reasonably foreseeable in the execution of the alleged scheme to defraud in which the particular defendant is accused of participating.  In this regard, it would be sufficient if the evidence justifies a finding that the scheme would be

executed by the defendant causing the wires to be used by others; and this does not mean that the defendant himself must specifically authorize others to execute a wire communication. When one does an act with knowledge that the use of the wire will follow in the ordinary course of business, or where such use of the wires can reasonably be foreseen, even though not actually intended, then he or she causes the wires to be used. Incidentally, this wire communication requirement is satisfied even if the wire communication is done by a person with no knowledge of the fraudulent scheme, including the victim of the alleged fraud.

        The use of the wire need not itself be fraudulent. Stated another way, the wire communication need not contain any fraudulent representation, or even any request for money.  It is sufficient if the wires are used to further or assist in carrying out the scheme to defraud.

        Let me add the following: only the wire communication must be reasonably foreseeable, not its interstate or foreign component.  Thus, if you find that the wire communication was reasonably foreseeable, then this element is satisfied even if it

46

was not foreseeable that the wire communication would cross state or national lines.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 44-7 (based on the
> charge of the Honorable Edward Weinfeld in
> United States v. Ranney, 82 Cr. 771 (EW)
> (1983)); the charge of the Honorable Michael
> B. Mukasey in United States v. Uccio, 88 Cr.
> 906 (MBM) (1989), aff'd, 917 F.2d 80 (2d Cir.
> 1990); the charge of the Honorable Charles S.
> Haight, Jr. in United States v. Rogers, 90
> Cr. 377 (CSH) (1991); and the charge of the
> Honorable John G. Koeltl, United States v.
> Szur, S5 97 Cr. 108 (JGK) (1998); see United
> States v. Blackmon, 839 F.2d 900, 907-08 (2d
> Cir. 1988) (regarding foreseeability of
> interstate nature of communication); United
> States v. Keats, 937 F.2d 58 (2d Cir.)
> (defendant need not have personally sent
> charged wire communication; affirming
> conviction where Government agent and
> informant initiated charged telephone calls),
> cert. denied, 502 U.S. 950 (1991); United
> States v. Muni, 668 F.2d 87, 89-91 (2d Cir.
> 1981) (extended discussion of
> "foreseeability" of wire communication);
> Schmuck v. United States, 489 U.S. 705
> (1989); United States v. Paccione, 949 F.2d
> 1183, 1196 (2d Cir. 1991), cert. denied, 112
> S. Ct. 3029 (1992); United States v. Keats,
> 937 F.2d 58, 64 (2d Cir.), cert. denied, 112
> S. Ct. 399 (1991).

## REQUEST NO. 19

### Count Two: Mail Fraud Substantive Offense

We come now to Count Two of the Indictment. This count charges the defendant with the substantive offense of mail fraud.

Count Two of the Indictment reads as follows:

[The Government respectfully requests that the Court read Count Two of the Indictment.]

I previously instructed you as to the elements of mail fraud.  You should apply those elements as you consider Count Two.

I would like to say something to you in further clarification of the difference between the conspiracy count, Count One, and the substantive count, Count Two.  The violation charged in Count Two is alleged to be the object of the conspiracy charged in Count One.  Conspiracy, as you will recall, is a crime separate from the violations that form its objects. Because the Government contends that a substantive violation

48

actually occurred, the defendant is charged in the Indictment with committing the substantive offense as well as with conspiracy.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Pignatiello, 96 Cr. 1032 (S.D.N.Y. 1999).

## REQUEST NO. 20

## Count Three: Conspiracy to Commit Bankruptcy Fraud and Obstruction of Justice
## Objects of the Offense

In Count Three of the Indictment, the defendant is charged with conspiring to accomplish six different illegal objectives: (1) making a false declaration in relation to a case under Title 11; (2) receiving a material amount of money from a debtor after the filing of a case under Title 11 with the intent to defeat Title 11; (3) withholding documents relating to the financial affairs of a debtor in a case filed under Title 11; (4) bankruptcy fraud; (5) obstructing the proper administration of the law before a United States department or agency; and (6) concealing, covering up and falsifying documents with the intent to influence the proper administration of a matter in relation to a case filed under Title 11.

It is not necessary for you to find  that the conspiracy embodied all of these unlawful objectives.  It is sufficient if you find beyond a reasonable doubt that the conspirators agreed, expressly or impliedly, on one of the objectives.

I will now instruct you as to the elements of those offenses, but before I do, let me remind you that the Government must prove beyond a reasonable doubt the following three elements:

First, that the conspiracy charged in the Indictment existed; that is, that there was an agreement or understanding to commit a federal crime.

Second, that the defendant knowingly became a member of that conspiracy.

Finally, with respect to Count Three of the Indictment and <u>only</u> Count Three of the Indictment, there is an additional element that the Government must prove, namely, the Government must prove that any one of the conspirators -- not necessarily the defendant, but any one of the parties involved in the conspiracy -- knowingly committed at least one overt act in furtherance of the conspiracy.

51

**REQUEST NO. 21**

**Count Three: Conspiracy to Commit Bankruptcy Fraud and
Obstruction of Justice Elements of the Offense - First Object –
False Declaration in a Bankruptcy Proceeding**

The first object of the conspiracy charged in Count

Three is violating Section 152(3) of Title 18 of the United

States Code.

The relevant statute on this subject provides, in

pertinent part:

> A person who knowingly and fraudulently makes
> a false declaration, certificate,
> verification, or statement under penalty of
> perjury as permitted under section 1746 of
> title 28, in or in relation to any case under
> Title 11 [shall be guilty of a crime].

To find that there existed a conspiracy to make a false

declaration in a bankruptcy proceeding, you must find that the

government proved beyond a reasonable doubt that an object of the

conspiracy was to commit an offense with the following five

elements:

First, that there is a bankruptcy proceeding;

Second, that the defendant makes a declaration,

certificate, verification or statement under penalty of perjury;

Third, that the defendant knows the declaration, certificate, verification or statement concerned a material fact;

Fourth, that the declaration, certificate, verification or statement is false; and

Fifth, that the defendant acts knowingly and with intent to defraud.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 15-8. See United States
> v. Mitchell, No. 05-cr-50-LRR, 2007 WL
> 2316684, at *8 (N.D. Iowa Aug. 9, 2007).

**REQUEST NO. 22**

**Count Three: Conspiracy to Commit Bankruptcy Fraud and
Obstruction of Justice Elements of the Offense - False
Declaration in a Bankruptcy Proceeding – First Element - Title 11
Proceeding**

The first element is that at the time the declaration, certificate, verification or statement is made, there exists a bankruptcy proceeding under Title 11 of the United States Code. A Chapter 13 bankruptcy is a bankruptcy proceeding and the filing of a Chapter 13 bankruptcy petition is part of a bankruptcy proceeding.

Adapted from Sand, Modern Federal Jury
Instructions, Instr. 15-9. See United States v.
Mitchell, No. 05-cr-50-LRR, 2007 WL 2316684, at *8
(N.D. Iowa Aug. 9, 2007).

<u>**REQUEST NO. 23**</u>

<u>**Count Three: Conspiracy to Commit Bankruptcy Fraud and
Obstruction of Justice Elements of the Offense - False
Declaration in a Bankruptcy Proceeding – Second Element - False
Declaration**</u>

The second element is that the defendant makes a declaration, certificate, verification or statement under penalty of perjury.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 15-10. <u>See</u> <u>United States</u> v. <u>Mitchell,</u> No. 05-cr-50-LRR, 2007 WL 2316684, at *8 (N.D. Iowa Aug. 9, 2007).

**REQUEST NO. 24**

**Count Three: Conspiracy to Commit Bankruptcy Fraud and Obstruction of Justice Elements of the Offense - False Declaration in a Bankruptcy Proceeding – Third Element - Materiality**

The third element is that the declaration, certificate, verification or statement is regarding a matter material to the bankruptcy proceeding.

A statement is material if it has the effect of influencing the court, the trustee, or the creditors, or is capable of or has the potential to do so. It is not necessary that the statement actually have that influence or be relied on by the court, the trustee, or the creditors, so long as it has the potential or capability to do so. Materiality also does not require a showing that creditors were harmed by the false statement.

> Adapted from Pattern Criminal Federal Jury Instructions for the Seventh Circuit; Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit 6.18.152B; Sand, Modern Federal Jury Instructions, Instr. 15-11. See United States v. Mitchell, No. 05-cr-50-LRR, 2007 WL 2316684, at *8 (N.D. Iowa Aug. 9, 2007).

56

## REQUEST NO. 25

### Count Three: Conspiracy to Commit Bankruptcy Fraud and Obstruction of Justice Elements of the Offense - False Declaration in a Bankruptcy Proceeding – Fourth Element - Statement Was False

The fourth element is that the declaration, certificate, verification or statement is false.  The term "false" is not limited to affirmative misstatements but can also mean any knowing omission of fact made with intent to deceive or conceal.

> Adapted from Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit 6.18.152B; Sand, Modern Federal Jury Instructions, Instr. 15-12. See United States v. Mitchell, No. 05-cr-50-LRR, 2007 WL 2316684, at *8 (N.D. Iowa Aug. 9, 2007).

57

**REQUEST NO. 26**

**Count Three: Conspiracy to Commit Bankruptcy Fraud and
Obstruction of Justice Elements of the Offense - False
Declaration in a Bankruptcy Proceeding – Fifth Element -
Knowledge and Intent to Defraud**

The fifth element is that the defendant actS knowingly and with intent to defraud.

An act is done knowingly if it is done voluntarily and intentionally, and not because of mistake, accident or other innocent reason.

An act is done with intent to defraud it is done with the intent to deceive a creditor, trustee or bankruptcy judge.

Sand, Modern Federal Jury Instructions,
Instr. 15-13. See United States v. Mitchell,
No. 05-cr-50-LRR, 2007 WL 2316684, at *8
(N.D. Iowa Aug. 9, 2007).

**REQUEST NO. 27**

**Count Three: Conspiracy to Commit Bankruptcy Fraud and Obstruction of Justice Elements of the Offense - Receiving Property in a Bankruptcy Proceeding**

The second object of the conspiracy charged in Count Three is violating Section 152(5) of Title 18 of the United States Code.

The relevant statute on this subject provides, in pertinent part:

A person who knowingly and fraudulently receives any material amount of property from a debtor after the filing of a case under Title 11, with the intent to defeat the provisions of Title 11.

To find that there existed a conspiracy to fraudulently receive property in a bankruptcy proceeding, you must find that the government proved beyond a reasonable doubt that an object of the conspiracy was to commit an offense with the following four elements:

First, that there is a bankruptcy proceeding;

Second, that the defendant receives a material amount of property from a debtor;

Third, that the defendant receives the property with

59

the intent to defeat the provisions of Title 11;

       Fourth, that the defendant acts knowingly and with intent to defraud.

       Adapted from Sand, Modern Federal Jury
Instructions, Instr. 15-8. See United States
v. Mitchell, No. 05-cr-50-LRR, 2007 WL
2316684, at *8 (N.D. Iowa Aug. 9, 2007).

**REQUEST NO. 28**

**Count Three: Conspiracy to Commit Bankruptcy Fraud and
Obstruction of Justice Elements of the Offense - False
Declaration in a Bankruptcy Proceeding – First Element - Title 11
Proceeding**

The first element is that at the time the statement is made, there exists a bankruptcy proceeding under Title 11 of the United States Code.  As I stated previously, a Chapter 13 bankruptcy is a bankruptcy proceeding and the filing of a Chapter 13 bankruptcy petition is part of a bankruptcy proceeding.

Adapted from Sand, Modern Federal Jury
Instructions, Instr. 15-9. See United States
v. Mitchell, No. 05-cr-50-LRR, 2007 WL
2316684, at *8 (N.D. Iowa Aug. 9, 2007).

**REQUEST NO. 29**

**Count Three: Conspiracy to Commit Bankruptcy Fraud and
Obstruction of Justice Elements of the Offense - False
Declaration in a Bankruptcy Proceeding 00 Second Element -
Receiving a Material Amount of Property**

The second element is that the defendant receives a material amount of property from a debtor.  Here, property includes money – United States currency or its equivalent in whatever form – as well as goods and land.  A material amount of property means an amount of property that would have the effect of influencing the court, the trustee, or the creditors, is capable of doing so, or has the potential to do so.

See United States v. Arthur, 582 F.3d 713, 717 (7th Cir. 2009).

**REQUEST NO. 30**

## Count Three: Conspiracy to Commit Bankruptcy Fraud and Obstruction of Justice Elements of the Offense - False Declaration in a Bankruptcy Proceeding – Third Element - Materiality

The third element is that the defendant receives the property with the intent to defeat the provisions of Title 11. Intending to defeat the provisions of Title 11 means that the defendant receives a material amount of property to benefit himself at the expense of the creditors.

See United States v. Sabbeth, 262 F.3d 207 (2d Cir. 2001).

## REQUEST NO. 31

## Count Three: Conspiracy to Commit Bankruptcy Fraud and Obstruction of Justice Elements of the Offense - False Declaration in a Bankruptcy Proceeding – Fourth Element - Knowledge and Intent to Defraud

The fourth element is that the defendant acts knowingly and with intent to defraud. I have previously defined those terms for you.

**REQUEST NO. 32**

**Count Three: Conspiracy to Commit Bankruptcy Fraud
and Obstruction of Justice Elements of the Offense - Withholding
Records in a Bankruptcy Proceeding**

The third object of the conspiracy is violating Section 152(9) of Title 18 of the United States Code.

The relevant statute on this subject provides, in pertinent part:

> A person who after the filing of a case under Title 11, knowingly and fraudulently withholds from a custodian, trustee, marshal or other officer of the court or a United States Trustee entitled to its possession, any recorded information (including books, documents, records and papers) relating to the property and financial affairs of a debtor [shall be guilty of a crime.]

To find that there existed a conspiracy to fraudulently withhold documents in a bankruptcy proceeding, you must find that the government proved beyond a reasonable doubt that an object of the conspiracy was to commit an offense with the following four elements:

First, that there is a bankruptcy proceeding;

Second, that the defendant withholds from an officer of the Court or a United States Trustee entitled to its possession

any recorded information, books, records, documents or papers;

Third, such recorded information, books, documents records or papers relates to the property or financial affairs of the debtor; and

Fourth, that the defendant acts knowingly and with intent to defraud.

Adapted from Pattern Criminal Federal Jury
Instructions for the Seventh Circuit.

**REQUEST NO. 33**

**Count Three: Conspiracy to Commit Bankruptcy Fraud
and Obstruction of Justice Elements of the Offense - Withholding
Records in a Bankruptcy Proceeding – First Element - Title 11
Proceeding**

The first element is that at the time the statement is made, there exists a bankruptcy proceeding under Title 11 of the United States Code.  As I stated previously, a Chapter 13 bankruptcy is a bankruptcy proceeding and the filing of a Chapter 13 bankruptcy petition is part of a bankruptcy proceeding.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 15-9. See United States
> v. Mitchell, No. 05-cr-50-LRR, 2007 WL
> 2316684, at *8 (N.D. Iowa Aug. 9, 2007).

67

## REQUEST NO. 34

## Count Three: Conspiracy to Commit Bankruptcy Fraud and Obstruction of Justice Elements of the Offense - False Declaration in a Bankruptcy Proceeding – Second Element - Withholding Records

The second element that the Government must prove beyond a reasonable doubt is that the defendant withholds from an officer of the Court or a United States Trustee entitled to its possession any recorded information, books, records, documents or papers.

Adapted from Pattern Criminal Federal Jury Instructions for the Seventh Circuit.

## REQUEST NO. 35

### Count Three: Conspiracy to Commit Bankruptcy Fraud and Obstruction of Justice Elements of the Offense - False Declaration in a Bankruptcy Proceeding Third Element - Financial Affairs of the Debtor

The third element that the Government must prove beyond a reasonable doubt is that the recorded information, books, documents records or papers relates to the property or financial affairs of the debtor.

Adapted from Pattern Criminal Federal Jury Instructions for the Seventh Circuit.

69

## REQUEST NO. 36

### Count Three: Conspiracy to Commit Bankruptcy Fraud and Obstruction of Justice Elements of the Offense - False Declaration in a Bankruptcy Proceeding Fourth Element - Knowledge and Intent to Defraud

The fourth element that the Government must prove beyond a reasonable doubt is that the defendant acts knowingly and with intent to defraud. I have previously defined those terms for you.

<u>**REQUEST NO. 37**</u>

<u>**Count Three: Conspiracy to Commit Bankruptcy Fraud**
**and Obstruction of Justice**
**Elements of the Offense - Bankruptcy Fraud**</u>

The fourth object of the conspiracy charged in Count Three charges the defendant with conspiring to violate Section 157 of Title 18 of the United States Code.

The relevant statute on this subject provides, in pertinent part:

> A person who, having devised or intending to devise a scheme or artifice to defraud and for the purpose of executing or concealing such a scheme or artifice or attempting to do so files a petition under title 11, including a fraudulent involuntary petition ...;files a document in a proceeding under title 11; or makes a false or fraudulent representation, claim, or promise concerning or in relation to a proceeding under title 11 ...,at any time before or after the filing of the petition, or in relation to a proceeding falsely asserted to be pending under such title shall be [guilty of a crime].

I will now instruct you concerning the elements of bankruptcy fraud.  Please keep in mind that in order to prove that the defendant conspired to commit bankruptcy fraud, the Government need not prove that bankruptcy fraud actually occurred.  However, because bankruptcy fraud is charged both as

71

an object of the conspiracy in Count Three and as a substantive violation in Count Four, I will now instruct you concerning the elements of the substantive offense of bankruptcy fraud.

In order to prove the defendant guilty of bankruptcy fraud, the Government must separately establish beyond a reasonable doubt the following three elements:

First, that defendant devised a scheme or artifice to defraud, as alleged in the Indictment;

Second, that as part of that scheme to defraud, the defendant, did one of the following three things:

– filed a petition for bankruptcy *or*

– filed a document in a bankruptcy proceeding *or*

– made a false or fraudulent representation, claim or promise in relation to a bankruptcy proceeding) as alleged in the Indictment; and

Third, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 15-20.

## REQUEST NO. 38

## Count Three: Conspiracy to Commit Bankruptcy Fraud and Obstruction of Justice
### Elements of the Offense - Bankruptcy Fraud
### First Element - Scheme to Defraud

The first element that the Government must prove beyond a reasonable doubt is that the defendant devised a scheme to defraud, as alleged in the Indictment.  I have previously instructed you as to this element when I gave you the instructions concerning mail and wire fraud.  Please apply those instructions to this element.

**REQUEST NO. 39**

**Count Three: Conspiracy to Commit Bankruptcy Fraud and
Obstruction of Justice Elements of the Offense -Bankruptcy Fraud
– Second Element - Filing a Petition or Document**

The second element that the government must prove beyond a reasonable doubt is that as part of that scheme to defraud the defendant did one of the following three things:

(1) filed a petition for bankruptcy; or

(2) filed a document in a bankruptcy proceeding; or

(3) made a false or fraudulent representation, claim or promise concerning or in relation to a bankruptcy proceeding as alleged in the Indictment. This representation, claim or promise must have been in relation to the bankruptcy proceeding. A false representation that is unrelated to the bankruptcy would not satisfy this element.

You do not have to find that the defendant did all three of these acts.  It is sufficient for this element if you all agree that the defendant did one of the acts as part of the

scheme to defraud as long as you are unanimous as to the act that

he performed.

        Sand et al., Modern Federal Jury
        Instructions, Instr. 15-22.

**REQUEST NO. 40**

**Count Three: Conspiracy to Commit Bankruptcy Fraud and Obstruction of Justice Elements of the Offense -Bankruptcy Fraud – Third Element - Intent to Defraud**

The third element that the government must prove beyond a reasonable doubt is that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud. I have previously instructed you as to this element when I gave you the instructions concerning mail and wire fraud.  Please apply those instructions to this element.

**REQUEST NO. 41**

**Count Three: Conspiracy to Commit Bankruptcy Fraud and
Obstruction of Justice Elements of the Offense - Obstructing an
Agency Proceeding**

The fifth object of the conspiracy charged in Count

Three is violating Section 1505 of Title 18 of the United States

Code.  This statute states that

> [w]hoever corruptly, or by threats or force,
> or by any threatening letter or communication
> influences, obstructs, or impedes or
> endeavors to influence, obstruct, or impede
> the due and proper administration of the law
> under which any pending proceeding is being
> had before any department or agency of the
> United States, shall be [guilty of a crime].

This law is designed to prevent any endeavor, whether

successful or not, which is made for the purpose of corruptly

influencing, obstructing or impeding an agency proceeding.

The word "proceeding" encompasses all of the steps and

stages in the performance by an agency of its government

functions. It extends to and includes both investigative as well

as administrative functions.

77

The sweep of the statute extends to any corrupt endeavor or effort to obstruct the due administration of law under which a proceeding is being conducted.

The key word in the statute is "endeavor."  As used in the statute, "endeavor" means any effort or any act, however contrived, to obstruct or interfere with the proceeding.  It is the endeavor which is the gist of the crime. Success of the endeavor is not an element of the crime.

The word corruptly means acting with an improper purpose, personally or by influencing another, including making a false or misleading statement, or withholding, concealing, altering or destroying a document or other information.

To find that there existed a conspiracy to obstruct an agency proceeding, you must find that the government proved beyond a reasonable doubt that an object of the conspiracy was to commit an offense with the following three elements:

First, that a proceeding is pending before an agency of the United States;

Second, that the defendant knows that a proceeding is pending before an agency of the United States; and

78

Third, that the defendant corruptly endeavors to influence, obstruct or impede the due and proper administration of the law under which the proceeding is being conducted.

        Sand et al., Modern Federal Jury
        Instructions, Instr. 46-8 and 9.

## REQUEST NO. 42

## Count Three: Conspiracy to Commit Bankruptcy Fraud and Obstruction of Justice
### Elements of the Offense - Obstructing an Agency Proceeding – First Element - Proceeding was Pending

The first element is that a proceeding is pending before an agency of the United States.  In this regard, you are instructed that United States Trustees Program is an agency of the United States and that a proceeding includes a case initiated upon the filing of a Chapter 13 bankruptcy petition.

Sand et al., Modern Federal Jury
Instructions, Instr. 46-10.

**REQUEST NO. 43**

**Count Three: Conspiracy to Commit Bankruptcy Fraud
and Obstruction of Justice
Elements of the Offense - Obstructing an Agency Proceeding –
Second Element - Knowledge of the Proceeding**

The second element is that the defendant knows that an administrative proceeding is in progress.  In this regard, you may take into account all of the facts and circumstances surrounding the conduct which the defendant is charged with in order to determine whether he knew or had a reasonable basis for belief that a proceeding was pending.

Sand et al., Modern Federal Jury
Instructions, Instr. 46-11.

81

**REQUEST NO. 44**

**Count Three: Conspiracy to Commit Bankruptcy Fraud
and Obstruction of Justice
Elements of the Offense - Obstructing an Agency Proceeding
Third Element - Act of Obstructing or Impeding**

The third element is that the defendant does corruptly obstruct or impede, or endeavor to obstruct or impede the proceeding.

The word corruptly means acting with an improper purpose, personally or by influencing another, including making a false or misleading statement, or withholding, concealing, altering or destroying a document or other information.

As I also told you, success of the endeavor is not an element of the crime. The term endeavor is designed to reach all conduct which is aimed at influencing, intimidating and impeding the proceedings.  Thus, is it is sufficient to satisfy this element if a defendant makes any effort or does any act for the purpose of obstructing or impeding the proceeding.

Sand et al., Modern Federal Jury
Instructions, Instr. 46-12.

82

## REQUEST NO. 45

## Count Three: Conspiracy to Commit Bankruptcy Fraud and Obstruction of Justice Elements of the Offense - Concealing, Covering Up and Falsifying Documents in an Investigation

The sixth object of the conspiracy charged in Count Three is violating Section 1519 of Title 18 of the United States Code.

In relevant part, the statute states:

Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be shall be [guilty of a crime].

I will now instruct you concerning the elements of concealing, covering up and falsifying documents with the intent to influence the proper administration of a matter in relation to a case filed under Title 11. Please keep in mind that in order to prove that the defendant conspired to commit this crime, the Government need not prove that the crime actually occurred. However, because this crime is charged both as an object of the

conspiracy in Count Three and as a substantive violation in Count Seven, I will now instruct you concerning the elements of this substantive offense.

In order to prove the defendant guilty of concealing, covering up and falsifying documents with the intent to influence the proper administration of a matter in relation to a case filed under Title 11, the Government must separately establish beyond a reasonable doubt the following two essential elements:

First, that the defendant knowingly altered, destroyed, mutilated, concealed, covered up or falsified a document or made a false entry in a record, document or tangible object; and

Second, that the defendant altered, destroyed, mutilated, concealed, covered up or falsified a document or made a false entry in a record, document or tangible object intending to impede, obstruct, or influence the investigation of a matter or proper administration of a matter within the agency's jurisdiction or a case filed under Title 11, or in relation to or contemplation of any such matter or case.

18 U.S.C. § 1519 Congressional Research
Service, Report for Congress, Obstruction of

84

Justice: an Overview of Some of the Federal
Statutes that Prohibit Interference with
Judicial, Executive, or Legislative Actions,
CRS 64-65 (December 27, 2007), located at
http://www.fas.org/sgp/crs/misc/RL34303.pdf;
United States v. Hunt, 526 F.3d 739, 743
(11th Cir. 2008) ("This statute rather
plainly criminalizes the conduct of an
individual who (1) knowingly (2) makes a
false entry in a record or document (3) with
intent to impede or influence a federal
investigation.").

**REQUEST NO. 46**

**Count Three: Conspiracy to Commit Bankruptcy Fraud and Obstruction of Justice Elements of the Offense - First Element – Knowingly Concealing, Covering Up and Falsifying Documents in an Investigation**

The first element that the Government must prove beyond a reasonable doubt is that the defendant knowingly altered, destroyed, mutilated, concealed, covered up or falsified a document or made a false entry in a record, document or tangible object. An act is done knowingly if it is done voluntarily and intentionally, and not because of mistake, accident or other innocent reason.

See United States v. Hunt, 526 F.3d 739, 743
(11th Cir. 2008)

86

## REQUEST NO. 47

## Count Three: Conspiracy to Commit Bankruptcy Fraud and Obstruction of Justice Elements of the Offense - Second Element – Intending to Obstruct an Investigation or Proper Administration of a Matter

The second element that the Government must prove beyond a reasonable doubt is that the defendant altered, destroyed, mutilated, concealed, covered up or falsified a document or made a false entry in a record, document or tangible object intending to impede, obstruct, or influence the investigation or proper administration of a matter within the jurisdiction of a department or an agency of the United States or a case filed under Title 11, or in relation to or contemplation of any such matter or case.

For purposes of this element, I instruct you that the United States Trustees Program is part of the United States Department of Justice – which is an agency of the United States and that a case filed under Title 11 includes petitions filed pursuant to Chapter 13 of the bankruptcy code.

See United States v. Hunt, 526 F.3d 739, 743 (11th Cir. 2008)

87

**REQUEST NO. 48**

**Count Four: Bankruptcy Fraud**
**Substantive Offense**

We come now to Count Four of the Indictment. This count charges the defendant with the substantive offense of bankruptcy fraud, in violation of Title 18, United States Code, Section, 157.

Count Four of the Indictment reads as follows:

[The Government respectfully requests that the Court read Count Four of the Indictment.]

I previously instructed you as to the elements of this offense when I instructed concerning the elements of the fourth object of Count Three.  You should apply those elements as you consider Count Four.

88

**REQUEST NO. 49**

**Counts One Through Four:**
**No Ultimate Harm**

Acting with intent to defraud requires acting with a purpose to cause actual financial harm to another.  Actual financial harm includes denying a person or entity access to money.  If a defendant deliberately supplies material false information in order to obtain money, but believes that no harm will ultimately accrue to the person from which he obtained the money, i.e. that a favorable loan modification will result or the person will be able to buy their home back at an auction, that belief that no harm will result, or even the fact that no harm results, is no defense.  Thus, if you find that the defendant you are considering intended to inflict harm by obtaining money fraudulently, you may find that the defendant acted with intent to defraud.

> Adapted from the charge of the Honorable
> Denise L. Cote in <u>United States</u> v. <u>Robinson</u>,
> 98 Cr. 167 (DLC); <u>see also</u> <u>United States</u> v.
> <u>DiNome</u>, 86 F.3d 277, 284 (2d Cir. 1996)
> (definition of property includes right to
> control the use of assets; intent to defraud
> where defendant intends to deprive victim of
> information material to victim's decision on

how to deal with assets); <u>United States</u> v.
<u>Rossomando</u>, 144 F.3d 197 (2d Cir. 1998)
(intent to cause harm to victim where
defendant obtains loan by means of false
information, notwithstanding intent to repay
loan, because defendant intended to deprive
lender of ability to accurately determine
risk); <u>United States</u> v. <u>Berkovich</u>, 168 F.3d
64, 66 (2d Cir. 1999) (same).

## REQUEST NO. 50

## Counts One Through Four:
## Negligence of Victim Not a Defense

It is also unimportant whether a victim might have discovered the fraud had it probed further.  If you find that a scheme or artifice to defraud existed, it is irrelevant whether you believe that a victim was careless, gullible, or even negligent.

Here, the government alleges that the defendant and his co-conspirators were involved in a scheme to scheme to defraud Revelations' clients through their use of the United States Bankruptcy courts.  The government also alleges that BARTOK and his co-conspirators, among other things, filed fraudulent bankruptcy petitions and other false documents in the clients' names and instructed the clients not to attend bankruptcy court proceedings.  According to the government, BARTOK and his co-conspirators sought to obtain as much money as possible, for as long as possible, from Revelations' clients by making false representations and by abuse of the United States Bankruptcy courts.

Victim negligence, carelessness, or gullibility is no defense to a charge of such fraud.

**REQUEST NO. 51**

**Count Five: Conspiracy to Commit Witness Tampering**
**Objects of the Offense**

In Count Five of the Indictment, the defendant is charged with conspiring to accomplish five different illegal objectives: Specifically, the defendant is charged with conspiring (1) to influence, delay or prevent the testimony of a person in an official proceeding; (2) to cause or induce a person to withhold testimony or withhold records or documents from an official proceeding; (3) to cause or induce a person to evade legal process summoning that person to appear as a witness, or to produce a record or document in an official proceeding; (4) to cause or induce a person to be absent from an official proceeding to which a person had been summoned by legal process; and (5) to obstruct, influence or impede an official proceeding.

It is not necessary for you to find  that the conspiracy embodied all of these unlawful objectives.  It is sufficient if you find beyond a reasonable doubt that the conspirators agreed, expressly or  impliedly, on one of the objectives.

I will now instruct you as to the elements of those offenses, but before I do, let me remind you that the Government must prove beyond a reasonable doubt the following two elements:

First, that the conspiracy charged in the Indictment existed; that is, that there was an agreement or understanding to commit a federal crime.

Second, that the defendant knowingly became a member of that conspiracy.

94

## REQUEST NO.52

## Count Five – First Object – Witness Tampering

The first object of the conspiracy charged in Count Five is violating Section 1512(b)(1) of Title 18 of the United States Code.

The Indictment charges as follows:

[The Government asks that the Court read the first object of Count Five of the Indictment]

The statute the defendant is charged with conspiring to violate states, in relevant part, that:

Whoever knowingly . . . corruptly persuades another person, or attempts to do so, and engages in misleading conduct towards another person with the intent to . . . influence, delay or prevent the testimony of any person in an official proceeding . . . [shall be guilty of a crime].

I will now instruct you concerning the elements of witness tampering. Please keep in mind that in order to prove that the defendant conspired to commit this crime, the Government need not prove that the crime actually occurred. However, because this crime is charged both as an object of the conspiracy

95

in Count Five and as a substantive violation in Count Eight, I will now instruct you concerning the elements of this substantive offense.

This law is designed to protect persons who may be called to give evidence in federal proceedings, and the integrity of evidence at issue in such proceedings.  The integrity of the federal system of justice depends upon the cooperation of such potential witnesses and the availability of such evidence.  If persons with evidence do not produce such evidence when required to do so, the justice system will be significantly impaired.  This statute was devised to make it unlawful for anyone to tamper with such a witness in the manner described in the statute.

> Adapted from Sand, Modern Federal
> Jury Instructions, Instructions 46-
> 29 and 46-30.

## REQUEST NO. 53

## Count Five – First Object: Witness Tampering – Elements Of The Offense

In order to prove the defendant guilty of this crime, the Government must separately establish beyond a reasonable doubt the following two essential elements:

First:  that in or about the time period charged in the Indictment the defendant engaged in or attempted to engage in corrupt persuasion of another person or misleading conduct towards another person; and

Second:  that the defendant acted knowingly and with intent to influence, delay, or prevent the testimony of another person in an official federal proceeding.

Adapted from Sand, Modern Federal
Jury Instructions, Instruction 46-
30.

97

**REQUEST NO. 54**

**Count Five – First Object: Witness Tampering – First Element – Corrupt Persuasion**

The first element that the Government must prove beyond a reasonable doubt is that the defendant corruptly persuaded another person, or attempted to engage in such corrupt persuasion. I will now define these terms to you.

<u>Corrupt Persuasion</u>

The term "persuade" is self explanatory, it means to move a person by argument or request.  To "persuade" is to engage in any non-coercive or non-threatening attempt to induce another person to engage in certain conduct.

The word "corruptly" simply means having an improper purpose.  An intent to subvert or undermine the fact-finding ability of an official proceeding is an improper purpose.  To establish this element of corrupt persuasion, the Government must prove that the defendant, not the person persuaded, had this improper purpose.  The improper purpose need not be the sole motivation for the defendant's conduct, so long as the defendant acted, at least in part, with the improper purpose.

98

Misleading Conduct

The term "misleading conduct" means (a) knowingly making a false statement; or (b) intentionally omitting information from a statement and thereby causing a portion of such statement to be misleading, or intentionally concealing a material fact, and thereby creating a false impression by such statement; or (c) with intent to mislead, knowingly submitting or inviting reliance on a writing or recording that is false, forged, altered, or otherwise lacking in authenticity; or (d) with intent to mislead, knowingly submitting or inviting reliance on a sample, specimen, map, photograph, boundary mark, or other object that is misleading in a material respect; or (e) knowingly using a trick, scheme, or device with intent to mislead.

Furthermore, it is not necessary for the Government to prove that the defendant knew that his conduct violated the criminal law. Thus, even if the defendant honestly and sincerely believed that his conduct was not unlawful, you may still find him guilty if you conclude that he acted corruptly and with the intent to influence the testimony of another person in an official proceeding, or to hinder, delay or prevent the communication to a

federal law enforcement officer or judge information relating to

the commission or possible commission of a federal offense.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instruction 46-31; see also See
> 134 Cong. Rec. S17,360-02 (daily ed. Nov. 10,
> 1988), 1988 WL 182529, (("'Corrupt persuasion'
> of a witness is a non-coercive attempt to
> induce a witness to become unavailable to
> testify, or to testify falsely"; noting that
> 1512(b) was being amended to over-rule United
> States v. King, 762 F.2d 232 (2d Cir. 1985)
> (holding that non-coercive corruption of
> witnesses not prohibited by existing
> obstruction statutes)); United States v.
> Khatami, 280 F.2d 907, 912-13 (9th Cir. 2002)
> (persuade means "to convince another to engage
> in a course of conduct" and includes "non-
> coercive efforts"; "corrupt persuasion" means
> "motivated by an inappropriate or improper
> purpose to convince another to engage in a
> course of behavior -- such as impeding an
> ongoing criminal investigation); United States
> v. Thompson, 76 F.3d 442, 452 (2d Cir. 1996)
> ("The inclusion of the qualifying term
> 'corrupt[]' means that the government must
> prove that the defendant's attempts to
> persuade were motivated by an improper
> purpose"); United States v. Mullins, 22 F.3d
> 1365, 1368-69 (6th Cir. 1994) ("purposely
> intending to violate the law" is not an
> element of Section 1512(b) offense); United
> States v. Poindexter, 951 F.2d 369, 379 (D.C.
> Cir. 1991) (the term "'corruptly' should not
> be stretched beyond its usual meaning to
> incorporate . . . an 'ignorance of the law' .
> . . defense."

**REQUEST NO. 55**

**Count Five – First Object: Witness Tampering – Second
Element – Knowledge And Intent**

The second element the Government must prove beyond a
reasonable doubt is that the defendant acted knowingly and with the
specific intent to influence, delay, or prevent the testimony of a
person in an official proceeding.

As I stated previously, an act is done knowingly if it is
done voluntarily and purposely, and not by accident or mistake.

By specific intent, I mean that the defendant must have
acted knowingly and with the unlawful intent to influence, delay,
or prevent the testimony of a person in an official proceeding.

An official proceeding is a proceeding before a federal
court, a federal judge, or a Federal Government agency which is
authorized by law.  However, the law does not require that a
federal proceeding be pending at the time the corrupt persuasion
occurred or even that a federal proceeding was about to be
initiated when the corrupt persuasion was made.

I instruct you that the United States Trustees Program –
which is part of the United States Department of Justice – is a

101

United States government agency, and that Chapter 13 Standing Trustees have the legal authority, pursuant to Title 11, United States Code, Section 341, to conduct a proceeding after the filing of a Chapter 13 voluntary bankruptcy petition.  I instruct you that this meeting of the creditors, at which the debtor is required to attend, is an official proceeding.

In order to satisfy this second element, it is not necessary for the Government to prove that the defendant knew he was breaking any particular criminal law.

> Adapted from L. Sand et al., Modern
> Federal Jury Instructions, Instr.
> 46-32 & comment, 46-31 (1999); and
> the charge of the Honorable William
> H. Pauley, III, in United States v.
> Lauersen, 98 Cr. 1134 (WHP) (Feb.
> 25, 2000).  See also United States
> v. Thompson, 76 F.3d 442, 452 (2d
> Cir. 1996); United States v.
> Gonzalez, 922 F.2d 1044 (2d Cir.),
> cert. denied, 502 U.S. 1014 (1991).

## REQUEST NO. 56

## Count Five – Second Object: Witness Tampering

I will now turn to the second object of the conspiracy charged in Count Five, which is violating Section 1512(b)(2)(A) of Title 18 of the United States Code.

The Indictment charges as follows:

[The Government asks that the Court read the second object of Count Five of the Indictment]

The relevant statute on this crime provides, in relevant part, as follows:

Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to cause or induce any person to withhold testimony, or withhold a record, document, or other object, from an official proceeding [shall be guilty of a crime].

103

**REQUEST NO. 57**

**Count Five – Second Object: Witness Tampering – Elements Of
The Offense**

To find that there existed a conspiracy to violate
Section 1512(b)(2)(A) of Title 18 of the United States Code, you
must find that the government proved beyond a reasonable doubt
that an object of the conspiracy was to commit an offense with
the following two elements:

First:  that the defendant engages in or attempts
to engage in corrupt persuasion of another person or misleading
conduct toward another person;

Second:  that the defendant acts knowingly and
with intent to withhold testimony, or withhold a record, document
or other object from an official proceeding.

Adapted from Sand, Modern Federal
Jury Instructions, Instruction 46-
30.

104

**REQUEST NO. 58**

**Count Five – Second Object: Witness Tampering – First
Element – Corrupt Persuasion and Misleading Conduct**

        The first element is that the defendant engages in or
attempts to engage in corrupt persuasion of another person or
misleading conduct toward another person.  I have previously
defined the terms corrupt persuasion and misleading conduct for
you when I discussed the first object of Count Five.  Please
apply those definitions when considering the first element of
this offense.

**REQUEST NO. 59**

**Count Five – Second Object: Witness Tampering – Second
Element – Knowledge And Intent**

The second element is that the defendant acts knowingly and with the specific intent to withhold testimony, or withhold a record, document or other object from an official proceeding.

I have previously defined the terms knowingly, specific intent, and official proceeding for you when I discussed the first object of Count Five.  Please apply those definitions when considering the first element of this offense.

In order to satisfy this second element, it is not necessary that the defendant knows he is breaking any particular criminal law.

> Adapted from L. Sand et al., Modern Federal
> Jury Instructions, Instr. 46-32 & comment,
> 46-31 (1999); and the charge of the Honorable
> William H. Pauley, III, in United States v.
> Lauersen, 98 Cr. 1134 (WHP) (Feb. 25, 2000).
> See also United States v. Thompson, 76 F.3d
> 442, 452 (2d Cir. 1996); United States v.
> Gonzalez, 922 F.2d 1044 (2d Cir.), cert.
> denied, 502 U.S. 1014 (1991).

106

**REQUEST NO. 60**

**Count Five – Third Object: Witness Tampering**

I will now turn to the third object of the conspiracy charged in Count Five, which is violating Section 1512(b)(2)(C) of Title 18 of the United States Code.

The Indictment charges as follows:

[The Government asks that the Court read the third object of Count Five of the Indictment]

The relevant statute on this crime provides, in relevant part, as follows:

Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to cause and induce a person to evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding [shall be guilty of a crime].

107

## REQUEST NO. 61

## Count Five – Third Object: Witness – Tampering Elements Of The Offense

To find that there existed a conspiracy to violate Section 1512(b)(2)(C) of Title 18 of the United States Code, you must find that the government proved beyond a reasonable doubt that an object of the conspiracy was to commit an offense with the following two elements:

First:  that the defendant engages in or attempts to engage in corrupt persuasion of another person or misleading conduct toward another person;

Second:  that the defendant acts knowingly and with intent to cause or induce a person to evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object in an official proceeding.

                    Adapted from Sand, Modern Federal
                    Jury Instructions, Instruction 46-
                    30.

**REQUEST NO. 62**

**Count Five**
**Third Object: Witness Tampering**
**First Element – Corrupt Persuasion and Misleading Conduct**


The first element the Government must prove is that the defendant engages in or attempts to engage in corrupt persuasion of another person or misleading conduct toward another person. I have previously defined the terms corrupt persuasion and misleading conduct for you when I discussed the first object of Count Five. Please apply those definitions when considering the first element of this offense.

109

**REQUEST NO. 63**

**Count Five**
**Third Object: Witness Tampering**
**Second Element – Knowledge And Intent**

The second element is that the defendant acts knowingly and with the specific intent to cause or induce a person to evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object in an official proceeding.

I have previously defined the terms knowingly, specific intent, and official proceeding for you when I discussed the first object of Count Five.  Please apply those definitions when considering the first element of this offense.

In order to satisfy this second element, it is not necessary for the Government to prove that the defendant knows he is breaking any particular criminal law.

> Adapted from L. Sand et al., Modern Federal
> Jury Instructions, Instr. 46-32 & comment,
> 46-31 (1999); and the charge of the Honorable
> William H. Pauley, III, in United States v.
> Lauersen, 98 Cr. 1134 (WHP) (Feb. 25, 2000).
> See also United States v. Thompson, 76 F.3d
> 442, 452 (2d Cir. 1996); United States v.

110

Gonzalez, 922 F.2d 1044 (2d Cir.), cert.
denied, 502 U.S. 1014 (1991).

**REQUEST NO. 64**

**Count Five – Fourth Object: Witness Tampering**

I will now turn to the fourth object of the conspiracy charged in Count Five, which is violating Section 1512(b)(2)(D) of Title 18 of the United States Code.

The Indictment charges as follows:

[The Government asks that the Court read the fourth object of Count Five of the Indictment]

The relevant statute on this crime provides, in relevant part, as follows:

Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to cause and induce a person to be absent from an official proceeding to which such person has been summoned by legal process [shall be guilty of a crime].

112

**REQUEST NO. 65**

**Count Five – Fourth Object: Witness – Tampering Elements Of The Offense**

To find that there existed a conspiracy to violate Section 1512(b)(2)(D) of Title 18, you must find that the government proved beyond a reasonable doubt that an object of the conspiracy was to commit an offense with the following two elements:

First:  that the defendant engages in or attempts to engage in corrupt persuasion of another person or misleading conduct toward another person;

Second:  that the defendant acts knowingly and with intent to cause or induce a person to be absent from an official proceeding to which a person has been summoned by legal process.


Adapted from Sand, Modern Federal Jury
Instructions, Instruction 46-30.

113

## REQUEST NO. 66

### Count Five
### Fourth Object: Witness Tampering
### First Element – Corrupt Persuasion and Misleading Conduct

The first element is that the defendant engages in or attempts to engage in corrupt persuasion of another person or misleading conduct toward another person. I have previously defined the terms corrupt persuasion and misleading conduct for you when I discussed the first object of Count Five. Please apply those definitions when considering the first element of this offense.

114

**REQUEST NO. 67**

**Count Five**
**Fourth Object: Witness Tampering**
**Second Element – Knowledge And Intent**

The second element is that the defendant acts knowingly and with the specific intent to cause or to induce a person to be absent from an official proceeding to which a person has been summoned by legal process.

I have previously defined the terms knowingly, specific intent, and official proceeding for you when I discussed the first object of Count Five.  Please apply those definitions when considering the first element of this offense.

In order to satisfy this second element, it is not necessary that the defendant knows he is breaking any particular criminal law.

> Adapted from L. Sand et al., Modern Federal
> Jury Instructions, Instr. 46-32 & comment,
> 46-31 (1999); and the charge of the Honorable
> William H. Pauley, III, in United States v.
> Lauersen, 98 Cr. 1134 (WHP) (Feb. 25, 2000).
> See also United States v. Thompson, 76 F.3d
> 442, 452 (2d Cir. 1996); United States v.
> Gonzalez, 922 F.2d 1044 (2d Cir.), cert.
> denied, 502 U.S. 1014 (1991).

115

## **REQUEST NO. 68**

## **Count Five**
## **Fifth Object: Obstructing an Official Proceeding**

I will now turn to the fifth object of the conspiracy charged in Count Five, which is violating Section 1512(c)(2) of Title 18 of the United States Code.

The Indictment charges as follows:

[The Government asks that the Court read the fifth object of Count Five of the Indictment]

The relevant statute on this crime provides, in relevant part, as follows:

Whoever corruptly obstructs, influences or impedes any official proceeding [shall be guilty of a crime].

116

## REQUEST NO. 69

## Count Five Fifth Object: Witness Tampering
## Elements Of The Offense

To find that there existed a conspiracy to violate Section 1512(c)(2) of Title 18, you must find that the government proved beyond a reasonable doubt that an object of the conspiracy was to commit an offense with the following three elements:

First, that an official proceeding is either pending or foreseeable to the defendant at the time of the offense;

Second, that the defendant acts corruptly to obstruct, influence or impede the official proceeding; and

Third, that the defendant's actions would have the natural and probable effect of interfering with the official proceeding.

> See 18 U.S.C. §§ 1512(c)(2) and (f)(1);
> United States v. Aguilar, 515 U.S. 593
> (1995); Arthur Anderson LLP v. United States,
> 544 U.S. 696 (2005); United States v. Kumar,
> 617 F.3d 612, 619-22 (2d Cir. 2010); United
> States v. Reich, 479 F.3d 179, 185-87 (2d
> Cir. 2007); United States v. Mintmire, 507
> F.3d 1273, 1289-90 (11th Cir. 2007).

117

**REQUEST NO. 70**

**Count Five**
**Fifth Object: Obstruction of Justice**
**First Element – Official Proceeding**
**First Element: Official Proceeding**

The first element is that an official proceeding is either pending or foreseeable to the defendant at the time of the offense.

To satisfy this element, it is not necessary that the "official proceeding" – is pending or about to be instituted at the time of the offense.  It is sufficient if the official proceeding was foreseeable to the defendant at the time he committed the offense.

I have previously defined the term official proceeding for you when I discussed the first object of Count Five.  Please apply that definitions when considering the first element of this offense.

> See 18 U.S.C. §§ 1512(c)(2), (f)(1), and
> (g)(1); Arthur Anderson LLP v. United States,
> 544 U.S. 696, 707-08 (2005);  United States
> v. Dunn, 434 F. Supp. 2d 1203, 1206 (M.D.
> Ala. 2006) (citing Arthur Anderson).

118

**REQUEST NO. 71**

**Count Five – Fifth Object – Obstruction of Justice**
**Second Element – Defendant Corruptly Obstructed, Influenced**
**or Impeded an Official Proceeding**

The second element is that the defendant acts "corruptly" to obstruct, influence or impede the official proceeding.

The term "corruptly," as it is used in the relevant statute, simply means acting with the improper motive or purpose of wrongfully obstructing or impeding the official proceeding.

> Adapted from Sand et al., Modern Federal Jury Instructions, 46-6 (18 U.S.C. § 1503), 46-12 (18 U.S.C. § 1505); see United States v. Matthews, 505 F.3d 698, 705-06(7th Cir. 2007).

119

<u>REQUEST NO. 72</u>

<u>Count Five Second Object: Witness Tampering</u>
<u>Third Element: Nexus Between Acts And Obstruction</u>

The third element is that there is some nexus between the act of corrupt persuasion and the official proceeding at issue.

To satisfy the nexus requirement, there must be "some relationship in time, causation or logic" between the defendant's actions and the official proceeding he seeks to obstruct.  It is not necessary that the defendant knows with certainty that his conduct would affect the official proceeding, nor is it necessary that the defendant's conduct actually obstructs the official proceeding.  It is sufficient if the defendant's actions have "the natural and probable effect" of interfering with that proceeding.

> <u>See</u> <u>United States</u> v. <u>Aguilar</u>, 515
> U.S. 593 (1995); <u>United States</u> v.
> <u>Kumar</u>, 617 F.3d 612, 619-22 (2d
> Cir. 2010); <u>United States</u> v. <u>Reich</u>,
> 479 F.3d 179, 185-87 (2d Cir.
> 2007).

**REQUEST NO. 73**

**Count Six: False Statements**
**False Statements: The Indictment and the Statute**

The Indictment also charges the defendant with concealing material facts from, and making materially false statements to, a United States Bankruptcy Judge acting in a matter within the jurisdiction of the Judicial Branch of the United States Government.  Count Six of the Indictment charges that:

> [The Court is respectfully requested to read
> Count Six of the Indictment]

The relevant statute on this subject is Section 1001(a) of Title 18 of the United States Code.  Title 18, United States Code Section 1001, provides in pertinent part that:

> Whoever, in any matter within the
> jurisdiction of the executive . . . or
> judicial branch of the Government of the
> United States, knowingly and willfully -- (1)
> falsifies, conceals, or covers up by any
> trick, scheme, or device a material fact;
> [or] (2) makes any materially false,
> fictitious or fraudulent statement or
> representation [or] (3) uses a false writing
> or document, knowing the same to contain a
> materially false, fictitious or fraudulent
> statement  [is guilty of a crime].

121

The Government contends that the evidence shows that the defendant violated all three provisions of the statute and has set forth in two specifications how it alleges that the defendant violated the statute.

I will instruct you as to all three provisions of the statute.  However, in order to find the defendant guilty beyond a reasonable doubt, you do not have to find that the defendant violated all three provisions of the statute. If you unanimously agree that the defendant violated one of the provisions of the statute that it is sufficient.

> Adapted from Sand et al., Modern Federal Jury
> Instructions,  Instr. 36-1.

## REQUEST NO. 74

## Count Six: False Statements – False Statements: Elements of the Offense – Falsifying, Concealing and Covering Up

In order to find the defendant guilty of violating the falsifying, concealing or covering up provision of section 1001, you must find that the Government has to prove each of the following five elements beyond a reasonable doubt:

First:  On or about the date specified, the defendant falsified or concealed or covered up a material fact;

Second: The fact falsified or concealed or covered up was material;

Third:  The defendant did so by trick, scheme or device;

Fourth: The defendant acted knowingly and willfully; and

Fifth: The falsification, concealment or coverup was with respect to a matter within the jurisdiction of the Government of the United States.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 36-3.

123

## REQUEST NO. 75

## False Statements:  First Element – Falsified, Concealed or Covered Up a Fact

The first element that you must find beyond a reasonable doubt as to the false statement charge is that the defendant falsified or concealed or covered up a fact.  These words almost define themselves.  To "falsify" means to make an untrue statement which is untrue at the time made and is known to be untrue at the time made.  To "conceal" means to withhold from another.  It requires some act to prevent detection of some fact the defendant was required to reveal. To "cover up" means to hide from another.

> Adapted from Sand et al., Modern Federal Jury
> Instructions,  Instr. 36-4 .

**REQUEST NO. 76**

**False Statements -- Second Element – Materiality**

The second element that the Government must prove beyond a reasonable doubt is that the fact falsified or concealed or covered up was material.  A fact is material if it was capable of influencing the Government's decisions or activities.  However, proof of actual reliance on the statement by the government is not required.

If the false statement or representation was capable of influencing, or had a natural effect or tendency to influence the Government's actions or decisions, then the false statement or representation is material.  However, you need not find that the false statement actually influenced the Government's decision, or had any actual effect.

Adapted from Sand et al.,  Modern Federal Jury
Instructions,  Instr. 36-10.

125

<u>**REQUEST NO. 77**</u>

<u>**False Statements -- Third Element – Trick, Scheme or Device**</u>

The third element that the Government must prove beyond a reasonable doubt is that the defendant falsified or concealed or covered up by trick, scheme or device.  This language is almost self explanatory.  A scheme is a plan for the accomplishment of an object.  A trick or device is a deceptive act or strategy a calculated to deceive other persons.

Whether the defendant's behavior amounted to a trick, scheme or device is a question for you, as finders of the facts to decide.  It is the government's burden with respect to this element to prove beyond a reasonable doubt that the defendant falsified or concealed or covered up a material fact by trick, scheme or device.

Adapted from Sand et al.,  Modern Federal Jury Instructions, Instr. 36-11; <u>see</u> <u>United States</u> v. <u>West</u>, 666 F.2d 16 (2d Cir. 1981).

126

<u>**REQUEST NO. 78**</u>

<u>**False Statements -- Fourth Element – Knowing and Willful
Conduct**</u>

The fourth element that the Government must prove
beyond a reasonable doubt is that the defendant acted knowingly
and willfully.  An act is done knowingly if it is done purposely
and voluntarily, as opposed to mistakenly or accidently.  An act
is done willfully if it is done with an intention to do something
that the law forbids; that is to say, with a bad purpose either
to disobey or to disregard the law.

> Adapted from Sand et al.,  Modern Federal
> Jury Instructions, Instr. 36-7; <u>see</u> <u>United
> States</u> v. <u>West</u>, 666 F.2d 16 (2d Cir. 1981).

**REQUEST NO. 79**

**False Statements -- Fifth Element -
Statement Made Within the Jurisdiction of the
United States Government**

The fifth and final element that the Government must prove beyond a reasonable doubt is that the document be used with regard to a matter within the jurisdiction of the Judicial Branch of the Government of the United States.  I instruct you that the United States Bankruptcy Court is a part of the Judicial Branch of the Government of the United States.

All that is necessary is that you find that it was contemplated that the statement or representation was to be utilized in a matter that was within the jurisdiction of the Government of the United States.  To be within the jurisdiction of a department or agency of the Government of the United States means that the statement must concern an authorized function of that department or agency.

In this regard, the Government is not required to prove that the defendant had actual knowledge that the false statement or representation was to be utilized in a matter which was within the jurisdiction of the Government of the United States.  It is

128

sufficient to satisfy this element if you find that the false
statement or representation was made with regard to a matter
within the jurisdiction of the Government of the United States.

> Adapted from Sand et al., Modern Federal Jury
> Instructions, Instr. 36-8; see also United
> States v. Yermian, 468 U.S. 63, 75 (1984)
> ("proof of actual knowledge of federal agency
> jurisdiction is not required under § 1001");
> United States v. Bakhtiari, 913 F.2d 1053,
> 1060 (2d Cir. 1990), cert. denied, 499 U.S.
> 924 (1991).

## REQUEST NO. 80

## Count Six: False Statements
## False Statements:  Elements of the Offense False, Fictitious of Fraudulent Statements

In order to find the defendant guilty of violating the *false, fictitious or fraudulent statements* provision of section 1001, you must find that the Government has proved each of the following five elements beyond a reasonable doubt:

First:  On or about the date specified, the defendant made a statement or representation;

Second:  The statement or representation was material;

Third:  The statement was false, fictitious or fraudulent;

Fourth:  The defendant acted knowingly and willfully; and

Fifth:  The statement or representation was made in a matter within the jurisdiction of the Government of the United States.

Adapted from Sand et al.,  Modern Federal
Jury Instructions,  Instr. 36-9.

130

## REQUEST NO. 81

## False Statements:  First Element – Statement or Representation

The first element that you must find beyond a reasonable doubt is that the defendant made a statement or representation.  In this regard, the government need not prove that the defendant physically made or otherwise personally prepared the statement in question.  It is sufficient if the defendant caused the settlement to have been made.  Under this statute, there is no distinction between written and oral statements.


Adapted from Sand et al., Modern Federal Jury
Instructions,  Instr. 36-4.

## REQUEST NO. 82

## False Statements -- Second Element – Materiality

The second element that the Government must prove beyond a reasonable doubt is that the defendant's statement or representation was material.  I have previously defined this term for you.

Adapted from Sand et al.,  Modern Federal Jury Instructions, Instr. 36-11.

132

**REQUEST NO. 83**

**False Statements -- Third Element – False, Fictitious or Fraudulent Statement**

The third element that the Government must prove beyond a reasonable doubt is that the alleged statement or representation was false or fictitious or fraudulent. A statement or representation is "false" or "fictitious" if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made. A statement or representation is "fraudulent" if it was untrue when made and was made or caused to be made with the intent to deceive the government agency to which it was submitted.

Adapted from Sand et al.,  Modern Federal
Jury Instructions,  Instr. 36-12.

133

## REQUEST NO. 84

## False Statements -- Fourth Element – Knowing and Willful Conduct

The fourth element that the Government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully. I have previously defined those terms for you.

Adapted from Sand et al.,  Modern Federal Jury Instructions, Instr. 36-7; see United States v. West, 666 F.2d 16 (2d Cir. 1981).

## REQUEST NO. 85

## False Statements --  Fifth Element –
## Statement Made Within the Jurisdiction of the
## United States Government

The fifth and final element that the Government must prove beyond a reasonable doubt is that the false statement or representation was made in connection with a matter within the jurisdiction of the Judicial Branch of the Government of the United States.  I have previously instructed you that the United States Bankruptcy Court is a department of the United States Government.

Adapted from Sand et al., Modern Federal Jury Instructions,  Instr. 36-8.

135

**REQUEST NO. 86**

**Count Six: False Statements**
**False Statements:  Elements of the Offense** –
**False Writing or Document**

In order to find the defendant guilty of violating the *false writings* provision of section 1001, you must find that the Government has proved each of the following five elements beyond a reasonable doubt:

First:  On or about the date specified, the defendant used a writing or document;

Second: The statement or representation was material;

Third:  The writing or document contained a false, fictitious or fraudulent statement or entry;

Fourth: The defendant acted knowingly and willfully; and

Fifth:  The document or writing was used in a matter within the jurisdiction of the Government of the United States.

> Adapted from Sand et al., Modern Federal Jury
> Instructions,  Instr. 36-15.

136

## REQUEST NO. 87

## False Statements:  First Element – Statement or Representation

The first element that you must find beyond a reasonable doubt is that the defendant used a writing or document.  In this regard, the government need not prove that the defendant physically made or otherwise personally prepared the writing or document in question.  It is sufficient if the defendant caused the writing or document to be used.

Adapted from Sand et al., Modern Federal Jury
Instructions,  Instr. 36-4.

137

## REQUEST NO. 88

## False Statements -- Second Element – Materiality

The second element that the Government must prove beyond a reasonable doubt is that the defendant's statement or representation was material. I have previously defined this term for you.

Adapted from Sand et al.,  Modern Federal
Jury Instructions,  Instr. 36-18.

### REQUEST NO. 89

### False Statements --  Third Element
### False, Fictitious or Fraudulent Statement

The third element that the Government must prove beyond a reasonable doubt is that the writing or document was false or fictitious or fraudulent.  A statement or representation is "false" or "fictitious" if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made. A statement or representation is "fraudulent" if it was untrue when made and was made or caused to be made with the intent to deceive the government agency to which it was submitted.

Adapted from Sand et al.,  Modern Federal
Jury Instructions,  Instr. 36-17.

## REQUEST NO. 90

## False Statements -- Fourth Element
## Knowing and Willful Conduct

The fourth element that the Government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully. I have previously defined those terms for you.


Adapted from Sand et al.,  Modern Federal
Jury Instructions,  Instr. 36-18.

**REQUEST NO. 91**

**False Statements --  Fifth Element**
**Statement Made Within the Jurisdiction of the**
**United States Government**

The fifth and final element that the Government must prove beyond a reasonable doubt is that the writing or document was made in connection with a matter within the jurisdiction of the Judicial Branch of the Government of the United States.  I have previously instructed you that the United States Bankruptcy Court is a department of the United States Government.


Adapted from Sand et al., Modern Federal Jury
Instructions,  Instr. 36-8.

141

**REQUEST NO. 92**

**Count Seven: Obstruction of Justice**

We come now to Count Seven of the Indictment. This count charges the defendant with the substantive offense of obstruction of justice.

Count Seven of the Indictment reads as follows:

[The Government respectfully requests that the Court read Count Seven of the Indictment.]

I previously instructed you as to the elements of this offense when I instructed you concerning the sixth object of Count Three.  You should apply those elements as you consider Count Seven.

142

**REQUEST NO. 93**

**Counts, Two, Four and Seven:**
**Guilt of Substantive Offense -- Pinkerton Charge**

There is another method by which you may evaluate the possible guilt of the defendants for Counts Two, Four and Seven, even if you do not find that the Government has satisfied its burden of proof with respect to each element of each of those substantive crimes.

If, in light of my instructions, you find, beyond a reasonable doubt, that the defendant you are considering was a member of the conspiracy charged in Count One of the Indictment, and thus, guilty on that conspiracy count, then you may also, but you are not required to, find him guilty of the substantive crime charged against him in Count Two.

Similarly, if you find, beyond a reasonable doubt, that the defendant you are considering was a member of the conspiracy charged in Count Three of the Indictment, and thus, guilty on that conspiracy count, then you may also, but you are not required to, find him guilty of the substantive crime charged against him in Count Four or Count Seven or both Counts Four and

Seven.

You may do this provided you find, beyond a reasonable doubt, each of the following elements:

First, that the substantive crime charged in the count you are considering was in fact committed;

Second, that the person or persons who actually committed the crime were members of the conspiracy you found existed;

Third, that the substantive crime you are considering was committed pursuant to the common plan and understanding you found to exist among the conspirators;

Fourth, that the defendant you are considering was a member of that conspiracy at the time the substantive crime was committed; and

Fifth, that the defendant could have reasonably foreseen that the substantive crime might be committed by his co-conspirators.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find the defendant guilty of the substantive crime charged against him, even though he did not

144

personally participate in the acts constituting the crime or did not have actual knowledge of it.

The reason for this rule is simply that a co-conspirator who commits a substantive crime pursuant to a conspiracy is deemed to be the agent of the other conspirators. Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the substantive crimes.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find the defendant guilty of the substantive crime, unless the Government proves, beyond a reasonable doubt, that the defendant personally committed, or aided and abetted or caused the commission of, the substantive crime charged.

> Adapted from 1 Leonard B. Sand et al., Modern
> Federal Jury Instructions  19.03, Instr.
> 19-13; see also United States v. Gallerani,
> 68 F.3d 611, 620 (2d Cir. 1995).

## REQUEST NO. 94

### Count Eight: Witness Tampering

We come now to Count Eight of the Indictment. This count charges the defendant with the substantive offense of witness tampering.

Count Eight of the Indictment reads as follows:

> [The Government respectfully requests that the Court read Count Eight of the Indictment.]

I previously instructed you as to the elements of this offense when I instructed you concerning the first object of Count Five.  You should apply those elements as you consider Count Eight.

With regard to this Count, I instruct you that an official proceeding includes a proceeding in the United States District Court for the Southern District of New York.

146

<u>**REQUEST NO. 95**</u>

<u>**Count Eight: Witness Tampering**
**The Meaning Of Attempt**</u>

With regard to Count Eight, the witness tampering statute prohibits both successfully persuading or influencing a witness, as well as attempts to do so.  Thus, the Government is required only to prove that the defendant attempted, or endeavored, corruptly to persuade the witnesses identified in Count Eight.  There is no need for the Government to prove that the defendant was successful in his endeavor.

Now, what is an attempt and how do we draw the line between what is an attempt and what is a mere criminal design? In order to prove the charge of attempted witness tampering, it is necessary that the evidence establish beyond a reasonable doubt: (1) that the defendant intended to commit the crime charged, and (2) that the defendant willfully took some action that was a substantial step in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempt.  In order to convict the defendant of an

147

attempt, you must find beyond a reasonable doubt that he intended to commit the crime of witness tampering, and that he took some action which was a substantial step toward the commission of that crime.

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other. Mere preparation, which may consist of planning the offense, or of devising, obtaining or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt.  The acts of a person who intends to commit a crime will constitute an attempt where the acts themselves indicate an intent to willfully commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

> Adapted from Sand et al., Modern Federal Jury
> Instruction, Instrs. 10-1 and 10-3 (1999)
> (setting forth model instruction regarding
> attempt crimes in general), and the legal
> principles set forth in United States v.
> Gabriel, 125 F.23d 89, 103 (2d Cir. 1997)
> (Section 1512 prohibits successful and

attempted witness tampering; thus "the
government was required to prove only that
[defendant] endeavored corruptly to persuade
or mislead [witness] with the intent of
influencing [witness'] potential testimony");
see also United States v. Ivic, 700 F.2d 51,
53 (2d Cir. 1983) (elements of attempt are
intent to commit crime and substantial step
in furtherance of crime); United States v.
Mowad, 641 F.2d 1067, 1073 (2d Cir. 1981)
(describing elements of crime of attempt).

**REQUEST NO. 96**

**Count Eight: Witness Tampering**
**Consciousness Of Guilt From Witness Tampering**

You have heard testimony that the defendant attempted to influence or prevent the testimony of a witness whom he believed might testify in this Court.  Of course, you are free to consider evidence of the defendant's actions toward Kathleen Addario as substantive proof in determining whether the Government has proven beyond a reasonable doubt that the defendant engaged or attempted to engage in witness tampering as charged in Count Eight.

In addition, if you find that the defendant did attempt to influence or prevent the testimony of a witness, you may, but are not required to, infer that the defendant believed that he was guilty of the crimes charged in Counts One through Seven in the Indictment.

Whether or not evidence of the defendant's attempt to influence or persuade a witness shows that the defendant believed that he was guilty of these crimes, and the significance, if any,

to be given to such evidence, is for you, the jury, to
decide.

>Adapted from Sand et al., Modern Federal Jury
>Instructions,  Instr. 6-16 (1999), and from
>the legal principles set forth  in United
>States v. Alberti, 470 F.2d 878, 882 (2d Cir.
>1973) ("'[e]vidence of conduct designed to
>impede or prevent a witness from testifying
>is admissible as showing consciousness of
>guilt'") (quoting United States v. Cirillo,
>468 F.2d 1233, 1240 (2d Cir. 1972))

## **CERTIFICATE OF SERVICE**

JEFFREY ALBERTS declares as follows:

I am an Assistant United States Attorney in the United States Attorney's Office, Southern District of New York.

On or about September 24, 2012, I caused a copy of the Government's Proposed Requests to Charge to be served by electronic filing notification:

Dawn M. Florio, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:     White Plains, New York
           September 24, 2012

_____/s/_____
JEFFREY ALBERTS

152